Floyd G. DAVIS, d/b/a Floyd G. Davis Ditching Co., Appellant,

v.

Gaylon W. ANDERSON, Appellee.

No. 8185.

Court of Civil Appeals of Texas, Texarkana.

Nov. 6, 1973.

William N. Hamilton, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellant.

Scott Baldwin and Doyle Curry, Jones, Jones & Baldwin, Marshall, for appellee.

CORNELIUS, Justice.

This is a venue case. Appellee Gaylon W. Anderson sued appellant Floyd G. Davis, D/B/A Davis Ditching Company, for personal injuries suffered in a ditch cave-in which occurred in Cass County, Texas.

Davis, a resident of Dallas County, filed his plea of privilege to be sued in the county of his residence. Upon hearing, the trial court overruled the plea of privilege, sustaining venue in Cass County, and Davis has appealed. The judgment of the trial court will be affirmed.

Anderson was an employee of the Grinnell Company which had contracted to install a sprinkler system for International Paper Company at its plant in Cass County. The Grinnell Company engaged Davis, by contract, to dig the ditches in which the sprinkler system pipe was to be laid. After the ditches were dug, Davis' machines would lay the pipe in the ditch, after which Grinnell's employees were to connect the pipe in the ditches. While Anderson was in the ditch a cave-in occurred which resulted in his injuries. It was Anderson's theory that Davis, having the duty to dig or furnish the ditches in which Grinnell's employees were to go and connect the pipe, failed to furnish them a safe ditch, in that he negligently failed to slope the sides of the ditch to prevent cave-ins. The ditch in question was actually dug by Jerry Young, an employee of Davis. Davis' original contract with the Grinnell Company had terminated when the work in question was done, and Davis was at that time operating under an oral arrangement with the Grinnell Company, whereby he furnished a man and a digging machine on an hourly basis for a stipulated price per hour. Davis contended this was a rental or lease arrangement, while Anderson claimed it was an oral contract to dig the ditch.

Anderson's original petition alleged only that Davis was negligent in failing to furnish him a safe place to work and in failing to furnish him with proper and safe equipment to be used for work, and that such negligence was the proximate cause of his injuries. Although Davis excepted to the petition for vagueness and generality, the venue hearing was held without any ruling having been made on the exception and Davis made no objection to the admission of Anderson's evidence concerning the

failure to slope the ditch being negligence which proximately caused the ditch to cave in on Anderson.

Davis presents seven points of error. Essentially these urge that there was no evidence, or that it was against the great weight and preponderance of the evidence, that Davis failed to furnish Anderson a safe place to work; that Young was not in the scope of his employment with Davis when he dug the ditch, but was rather the borrowed servant of the Grinnell Company at that time; that the court's finding that the failure to slope the ditch was negligence is against the great weight and preponderance of the evidence; and that failure to slope the ditch was not shown to be a proximate cause of Anderson's injuries.

██ On the venue hearing it was incumbent upon Anderson to prove by a preponderance of the evidence that (1) an act of negligence occurred in Cass County, Texas; (2) the act was that of Davis or of his agent, servant or employee, acting in the scope of his employment; and (3) that such act of negligence was a proximate cause of Anderson's injuries. Vernon's Tex.Rev.Civ.Stat. Ann. art. 1995, Sec. 9a. If the trial judge's determination of these facts is supported by any evidence of probative force it must be affirmed, unless so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. Where, as here, findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be sustained if it is supported by evidence of probative force on any lawful theory. International Security Life Insurance Company v. Rosson, 466 S.W.2d 52 (Tex.Civ.App. Amarillo 1971, dism'd).

The evidence favorable to Anderson's position may be summarized as follows:

Appellant Davis testified that Jerry Young, who dug the ditch, was working for him; that he was a backhoe operator and his job was to dig ditches; that the backhoe Young used was owned by Davis and that he paid Young's salary; that there are requirements he made of his operators concerning the sloping and shoring of ditches, and that he usually used a "two to one" slope; that "you start worrying about slanting any time you get a ditch over a man's head;" that his job was to dig the ditch and lay the line in the ditch; that on the occasion in question he was doing his work "by the hour" and that Grinnell paid him $22.50 per hour for the backhoe and operator; that his men sloped all the deep ditches; that he has standing instructions to his operators, whether they are working under a contract or by the hour, to operate the equipment in a safe manner; that he tells his operators to watch the banks because "you can have a cave-in when you least expect it;" that they are under instructions not to dig a ditch in sandy soil beyond the depths of a man's head without sloping it; that such is not only his instruction but is a "federal law;" that the ditch in question was in sandy soil and his operators are under the same instructions, whether operating under a written contract or under a verbal contract by the hour; that the instructions would be the same generally, as far as operating safely and sloping the ditch; that his equipment was capable of sloping a ditch; that his operator determines the way the machine is operated, even when they are working by the hour; that sloping is usually automatic, that is, that sloping usually comes with the ditch, if it is deep and you are in sandy soil. He further testified as follows:

"Q. Suppose you're out there by the hour and the operator—the foreman says, 'Look, dig this ditch twenty feet long and thirteen feet deep and let me know when you're through with it and I'll have my men go in there and work, lay the line,' and you're not told anything else, would you dig that ditch and also slope it?

A. Yes, sir.

Q. That's as a matter of course; that's the proper way to dig the ditch, isn't it?

A. Yes, sir.

Q. Now, I assume that your operators would perform in a similar manner or they wouldn't be working for you; is that correct?

A. That is correct."

Appellee Anderson testified that the ditch caved in on him while he was working in the ditch for the Grinnell Company; that Davis Ditching Company, through its employee Jerry Young, dug the ditch; that the ditch was not shored and was not sloped; that it just had a little dirt on top pulled back on one side; that the ditch was 13 feet deep; that Grinnell's foreman did not tell Jerry Young how to operate the backhoe; that he did not give or see anyone else give Young directions as to how to dig the ditch, but Mr. Lemmons (Grinnell's foreman) just pointed where to dig and that's just about all; and that when the ditch caved in he did not know whether it caved in from the top or the bottom, but that he looked and dirt was coming from his right side and pinned him up against the other side and that he was eventually covered up.

The evidence summarized above was vigorously disputed by Davis, and he presented evidence tending to show that the Grinnell Company had complete control and supervision of Jerry Young when he did the work, and that the decision of whether or not to slope the ditch was not a decision of Davis but of the Grinnell Company. Some of this testimony was in the form of answers by Anderson himself, but they were in the nature of conflicts or contradictions in his testimony and were to be resolved by the trier of fact.

Concerning the matter of a safe place to work, we have concluded that proof to the effect that Davis obligated himself to dig and prepare ditches for the Grinnell Company, in which its employes were expected to go and connect pipe, and that he negligently failed to slope said ditches when he knew they should be sloped as a safety measure to prevent them from caving in on persons working therein, was sufficient to justify the trial court in finding that Davis was negligent under the general allegation that he failed to provide a safe place for Anderson to work. This is particularly true since the hearing was conducted on this theory and there was no objection to any of the testimony introduced by Anderson to support the theory. Accompanying every contract is a common law duty to perform with care, skill and reasonable experience, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract. Montgomery Ward & Co., v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508 (Tex.Sup. 1947); 40 Texas Jur.2d p. 452. Points of error 1 and 2 are respectfully overruled.

On the issues of scope of employment and borrowed servant, it has already been demonstrated that the evidence was conflicting. That being the case, the trial court was authorized to resolve the conflicts. As his findings have substantial support in the evidence, they cannot be disturbed on appeal. The same is true with regard to the evidence that the failure to slope the ditch was negligence. There is evidence in the record that such failure was negligence, and the trial judge was authorized to so find. Points of error Nos. 3, 4, and 5 are therefore overruled.

Points 6 and 7 pertain to the issue of proximate cause. It is urged that there is no evidence that the failure to slope the ditch, even if negligence, was a proximate cause of the cave-in. There is little evidence on this point, but there was testimony that failure to slope a ditch of over five feet in depth would make the ditch susceptible of caving in from the top, which is very dangerous; whereas, any cave-in of a ditch which was sloped would likely be from the bottom, allowing time for a person in the ditch to escape. Anderson testi-

fied that he did not know if the ditch caved from the bottom or the top, but he testified that he looked, and the dirt was coming from his right side; that it pinned him up against the other wall and broke his shoulder; that it covered him up to his neck first, but "more dirt hit me in the head and I was . . . . covered up."; and that "large pieces of dirt were caving off on me."

Proximate cause may not be presumed but must be proved. Like any other fact, however, it may be proved by circumstantial evidence. Bock v. Fellman Dry Goods Co., 212 S.W. 635 (Tex.Com.App. 1919 opin apprvd); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (Tex.Sup.1958). In addition, it is held that if a cause is shown which might produce an event and it is shown that an event of that particular character did occur, it may be inferred that the known possibility produced the result. The plaintiff is not required to exclude an appreciable chance that the event might have occurred in some other way. In other words, a conclusion of a causal connection may be inferred by a balance of probabilities. Bock v. Fellman, supra; Collier v. Hill & Hill Exterminators, 322 S.W.2d 329 (Tex.Civ.App. Houston 1959, no writ); Community Public Service Co. v. Dugger, 430 S.W.2d 713 (Tex.Civ.App. Texarkana 1968, no writ); 40 Tex.Jur.2d p. 696.

In our case there was evidence that the ditch was not sloped and that the failure to slope a ditch of that type would make it susceptible of caving in from the top, thereby causing injury to those working in it. While there was no direct proof that the ditch caved in from the top, we believe that Anderson's testimony showing that he was covered up and that dirt *hit him in the head* and that large pieces of dirt *were caving off on him*, when considered together with the rule of balancing of probabilities approved by the above noted cases, was sufficient proof by circumstantial evidence to justify the trial court in

finding that the failure to slope the ditch was a proximate cause of the cave-in which injured Anderson. Points of error 6 and 7 are therefore respectfully overruled.

We find no reversible error in the trial court's judgment and it is affirmed.