Lisa Claire **SHIELD**, a minor b/n/f Elgean Shield, Appellant,

v.

**CALIFORNIA POOL SERVICE, INC.,** et al., Appellees.

No. 16319.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 10, 1974.

Thurlow & Hennessy, Edward J. Hennessy, Houston, for appellant.

Stafford, Patten & Gustafson, J. W. Patten, Austin, Dabney, Northrop & Garwood, Monroe Northrop, Houston, for appellees.

EVANS, Justice.

Lisa Claire Shield, a minor, was injured when she fell from a three meter diving platform at the Spring Shadows Swim Club in Houston, Texas, in May, 1968. Through her father, as next friend, she sued defendants, California Pool Service, Inc. and Howard Pool Company, Inc., as well as certain other defendants dismissed by nonsuit prior to trial.

Miss Shield alleged that California Pool Service was negligent in failing to supervise the conduct of minor children using the swimming pool and diving tower; in failing to warn her that the tower was dangerous by reason of the fact that the horizontal railings did not extend out to a line perpendicular to the water's edge; in failing to inspect the diving board for defects in installation or design; in designing the diving facility in such manner so that the handrails did not extend to a line perpendicular to the pool edge; in failing to supervise the installation of the tower to see that the handrails did extend to such line, and in failing to have an adequate number of lifeguards on duty to properly supervise the use of the diving facility. She also alleged that California Pool Service breached its implied warranty that the tower was merchantable and fit for the purpose of its intended use.

Miss Shield alleged that Howard Pool Company had been negligent in the installation of the diving board in question by failing to extend the guard rails along the diving board to a line perpendicular to the edge of the swimming pool and in failing to follow plans and specifications provided by the manufacturer and designer of the diving tower.

At the conclusion of the plaintiff's case the trial court granted the defendants' motion for instructed verdict, stating that the plaintiff failed to meet her burden with respect to the issue of causation. We agree with the trial court's conclusion.

Lisa Claire was thirteen years old at the time of her accident. She had been swimming with her sister and two of her friends and had used the high diving board about three times that day. She had jumped off but had never dived off the diving board. She remembered "going up and stepping on the last step and going off the rails" but could not remember going from there onto the diving board. At the time of her accident her sister and girl friends were across the pool from her. She did not remember falling, nor did she have any idea from what portion of the diving board she fell; nor did she have any idea where she landed.

Lisa's parents arrived at the pool approximately ten or fifteen minutes after her accident and found her lying parallel to the edge of the pool beneath the board. One of her friends testified she saw Lisa "falling, but not from the board." She said she saw Lisa's body in the air and saw it hit the concrete; that it hit the side of the pool, bounced and splashed into the water.

■ There was no other testimony tending to explain Miss Shield's fall from the diving platform. However, Lisa Shield was permitted to testify that one or two days after the accident a lifeguard at the pool visited her at the hospital and told her that she hit the concrete and fell into the water. According to Miss Shield's testimony, the lifeguard told her she fell off the board onto the concrete and then fell into the water. She testified that he told her she fell from the side of the board but that he did not talk to her about the railings and did not tell her she fell from the back of the board. She said he told her she fell from close to the edge of the pool. This testimony was admitted over objection that it constituted hearsay and was not admissible as res gestae. We believe its reception was error but that even if admissible it failed to supply the causal connection between the absence of guard rails and Miss Shield's injury.

The record shows that the handrails along the diving board extended out to a point approximately two and a half feet short of a point directly above the edge of the pool. Viewing the evidence in a light most favorable to Miss Shield, the evidence shows merely that when she fell she first hit the concrete and then fell into the pool. There is no evidence showing from what portion of the diving board or platform she fell nor any evidence tending to show whether she fell straight down or whether she fell backward or forward from the diving tower. In order for the absence of the guard rails to have been a cause of the accident the jury would have to infer that Miss Shield fell from a location on the board within the two and a half foot span between the end of the rails and the edge of the pool. We have carefully searched the record and fail to find any evidence which would support this inference.

■ While a plaintiff is not required to exclude every appreciable chance that the event may have occurred in some other way, evidence of causation must extend beyond mere conjecture. Davis v. Anderson, 501 S.W.2d 459 (Tex.Civ.App.—Texarkana 1973, no writ). While it is certainly possible that Miss Shield struck the concrete because she fell from the unguarded section of the board directly over the concrete, it is equally possible that she fell either backward or forward from some other position on the board. It was the burden of plaintiff to establish by direct or circumstantial proof that Miss Shield would not have fallen except for the failure of the guard rails to extend out to a point above the edge of the pool. We are of the opinion that the evidence fails to establish this fact beyond mere conjecture or guess. See Bowen v. East Texas Hospital Foundation, 400 S.W.2d 843 (Tex.Civ.App.—Ft. Worth, 1966, writ ref. n. r. e.); Hopper v. J. C. Penney Company, 371 S.W.2d 750 (Tex. Civ.App.—Ft. Worth, 1963, writ ref. n. r. e.). Whether or not the evidence be tested upon the definition of proximate cause or of producing cause, the plaintiff must establish causation in fact. On the basis of the record before us, the trial court properly determined the evidence to be legally insufficient on this issue.

Affirmed.