COURT[CB1]  OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-397-CV

 

 

ANGIE HANSON AND JOE
HANSON                                               APPELLANTS

 

                                                             V.

 

GREYSTAR
DEVELOPMENT &                                                         APPELLEES

CONSTRUCTION,
LP; HOUSTON 

STAFFORD
ELECTRICAL 

CONTRACTORS;
MULTI BUILDING 

INCORPORATED;
WLA VISTA 

RIDGE
V LP; WLA VISTA RIDGE 

GP
V LLC; COTTONWOOD REAL 

ESTATE
LIMITED PARTNERSHIP; 

LARAMAR MANAGEMENT 

SERVICES
LLC; GABLES RESIDENTIAL

SERVICES
INC.; WALTON STREET 

CAPITOL,
LLC; WLA APARTMENT

HOLDINGS
V, LP; AND WLA VISTA RIDGE

GP
CAPITAL V, LLC

                                                       ------------

 

               FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I.  Introduction








This
is a summary judgment appeal.  The trial
court granted summary judgments for Appellees Greystar Development & Construction, LP; Houston
Stafford Electrical Contractors; Multi Building Incorporated; WLA Vista Ridge V LP; WLA Vista
Ridge GP V LLC; Cottonwood Real Estate Limited Partnership; Laramar
Management Services LLC; Gables Residential Services Inc.; Walton Street
Capitol, LLC; WLA Apartment Holdings V, LP; and WLA Vista Ridge GP Capital V, LLC.  Appellants Angie Hanson and Joe Hanson
perfected this appeal.

II.  Procedural and Factual Background

Angie
and Joe Hanson were tenants in apartment 822 of The Villas of Vista Ridge in
Lewisville.  A stairway connecting
apartment 822 to its attached garage was not built in accordance with the
architect=s
plans and did not comply with the City of Lewisville=s
building code, and a prior tenant of apartment 822 had filed a written
complaint that the stairway was dirty, wet, and made of untreated wood.  Mrs. Hanson fell down the stairs and suffered
life-threatening injuries.  She is unable
to remember how, why, or where in the stairwell she fell.  Neither of the Hansons
know whether the light in the stairwell was on or off
when Mrs. Hanson fell.  The Hansons subsequently sued Appellees,
who are the contractors and subcontractors responsible for building The Villas
of Vista Ridge and the current and former property managers of The Villas.

III.  Summary Judgment
Standards of Review








A no‑evidence motion for summary judgment is
essentially a pretrial directed verdict, and we apply the same legal sufficiency
standard of review. King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 750 (Tex. 2003), cert. denied, 541 U.S. 1030 (2004).  The movant must
specifically state the elements as to which there is no evidence.  Tex. R. Civ. P. 166a(i).  The burden then shifts to the nonmovant to produce summary judgment evidence raising a
genuine issue of material fact regarding each element challenged in the
motion.  We view the evidence in the
light most favorable to the nonmovant and disregard
all contrary evidence and inferences in determining whether the nonmovant has produced evidence raising a genuine issue of
material fact.  King Ranch, 118 S.W.3d at 751.








In
pursuing a traditional motion for summary judgment, the movant
bears the burden to show that there is no genuine issue of material fact and
that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  We
review the motion and the evidence de novo, taking as true all evidence
favorable to the nonmovant, indulging every
reasonable inference, and resolving any doubts in the nonmovant=s
favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661
(Tex. 2005).  When, as here, the
trial court does not specify the grounds on which the judgment is based, we will
affirm the judgment if it is correct on any legal theory expressly placed at
issue and supported by the evidence. 
Tex. R. Civ. P. 166a(c) (stating that issues
must be Aexpressly
set out in the motion or in an answer or any other response@); Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001) (per curiam) (holding that when the grounds for
the ruling are not specified, we affirm Aif
any of the theories advanced are meritorious@).   

IV.  No Evidence of
Proximate Cause or

the
Absence of Proximate Cause Conclusively Established

 

Each
Appellee filed either a traditional or a no-evidence motion for summary
judgment on the issue of causation. 
Viewing the summary judgment record in the light most favorable to the Hansons, it establishes that Mrs. Hanson has no
recollection of how she fell, that neither Joe nor anyone else saw her fall,
and that no one knows whether the lights in the stairwell were turned on when
she fell.








As summary judgment evidence, the Hansons filed an expert report from Jim Sealy, an
architect.  Mr. Sealy inspected the
stairway in question and determined that variances in the risers exceeded those
allowed by the building code.  He also
determined that the stairway=s illumination did
not comply with the 1997 Uniform Building Code or the 2000 International
Building Code.  Mr. Sealy=s report indicates
that in forming his opinions he relied upon a book called The Staircase
written by Dr. Templer which explains that most
stairway falls occur either on the first three steps on the stairway or on the
last three steps.[1]  Mr. Sealy=s report indicates that the first three
stairs on the stairway in question are of irregular height, but it does not
mention the last three stairs.  Mr. Sealy
concluded,

 

Based on my visual inspection of the stairway
in question and based upon [my] education, training and experience, as an
architect, a designer of stairways and as a writer and interpreter of building
codes and standards, it is my opinion that Mrs. Joe Hanson lost her balance and
fell on the garage stairway of her apartment at the Villas at Vista Rose [sic]
in Lewisville, Texas.  It is also my
opinion that Mrs. Hanson lost her balance and fell because of the inadequate lighting
and irregular dimensions of the stairway upon which she was walking and those
inadequacies and irregularities contributed to Mrs. Hanson overstepping a tread
and that ultimately resulted in her loss of balance and her fall.

 

. . . .

 

Further, it is my opinion that had the
stairway been properly illuminated and had the risers (steps) been regular in
their dimension Mrs. Hanson would not have lost her balance and she would not
have fallen and been injured.

 

As
additional summary judgment evidence, the Hansons
attached Mr. Sealy=s deposition to their
summary judgment response.  In his
deposition, Mr. Sealy testified as follows:

 

Q.  And the fact of the matter is, whether you
want to rely on Dr. Templer=s statistical or
analytical research [in The Staircase], you are in possession of no
factual information whatsoever, to indicate where, if anywhere, on that
stairway Mrs. Hanson fell, correct?

 

A.  That=s correct. 

 

. . . . 

 








Q.  Okay. 
Jump to the last page of your November 2007 report. I think we=ve covered this, but I
just want to go ahead and make sure that we make sure that we=ve talked about
it.  First paragraph, middle of the first
sentence: AIt is my opinion that
Mrs. Joe Hanson lost her balance and fell on the garage stairway of her
apartment at the Villas of Vista rose - - Vista Ridge - - in Lewisville, Texas.@  Did I read that correctly?

 

A.  Yes.

 

Q.  Okay. 
And again, you have no factual information, upon which to base that
opinion, other than the husband of a nonresponsive woman who told you that that=s where she fell,
correct?

 

A.  Yes.

 

Q.  Okay. 
Next sentence: AIt is also my opinion
that Mrs. Hanson lost her balance and fell because of the inadequate lighting.@  I=m
going to stop there.

You have no factual information whatsoever in
your possession, do you, sir, to suggest that Mrs. Hanson fell anywhere because
of inadequate lighting?

 

A.  Correct.

 

Q.  Okay. 
To continue on: AAnd irregular
dimensions of the stairway upon which she was walking.@  I=m
going to stop there.

 

Isn=t it true, Mr. Sealy,
that you have no factual information in your possession, upon which to rely, to
suggest that Mrs. Hanson, if she fell, fell on that stairway because of
irregular dimensions of the stairway, upon which she was walking?

 

A.  Correct.

 

Q.  Continuing on: AAnd those
inadequacies and irregularities contributed to Mrs. Hanson overstepping the
tread, and that ultimately resulted in her loss of balance and her fall.@  Did I read that correctly?

 

A.  Yes.

 

Q.  And isn=t it true, Mr. Sealy,
that you have no factual information, upon which to rely, to conclude that Mrs.
Hanson, if she fell, fell because she overstepped a tread and lost her balance?

 








A.  Correct.

 

Appellees
claim that Mr. Sealy=s conclusion in his report
that the poor illumination and irregularities in the steps caused Mrs. Hanson
to fall constitutes pure speculation and conjecture, especially in light of the
above deposition testimony attached to Appellants=
summary judgment response.  

An
expert=s
simple ipse dixit is insufficient to establish a matter;  rather, the expert
must explain the basis of his statements to link his conclusions to the
facts.  See City of San Antonio v.
Pollock, 284 S.W.3d 809, 818 (Tex. 2009) (quoting
Burrow v. Arce, 997 S.W.2d
229, 235 (Tex. 1999)); Earle v. Ratliff, 998 S.W.2d
882, 890 (Tex. 1999).  An
expert=s conclusory
statements are insufficient to raise a fact question to defeat summary
judgment.  IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,
143 S.W.3d 794, 803 (Tex. 2004); Wadewitz
v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997)
(holding conclusory statements by an expert are not
sufficient to support or defeat summary judgment).  Instead, an expert=s
opinions must be supported by facts in evidence, not merely
conjecture.  Marathon
Corp. v. Pitzner, 106 S.W.3d
724, 729 (Tex. 2003) (per curiam).  That is, an expert=s
opinions cannot rest on the expert=s
subjective interpretation of the facts.  See TXI Transp. Co. v. Hughes, 306
S.W.3d 230, 239 (Tex. 2010).  A party may complain that conclusory
opinions are legally insufficient evidence to support a judgment even if the
party did not object to the admission of the testimony.  See Pollock, 284 S.W.3d at 816. 









Here,
no facts exist in the summary judgment record that support
Mr. Sealy=s
opinions and conclusions that Mrs. Hanson fell on the stairs because of the
irregularities in them or because of inadequate lighting.  Consequently, Mr. Sealy=s
conclusions, based on speculation and conjecture, constitute no evidence and
will not defeat a summary judgment.  See
IHS Cedars Treatment Ctr., 143 S.W.3d at 803; see also Burroughs Wellcome
Co. v. Crye, 907 S.W.2d
497, 499 (Tex. 1995) (explaining that when an expert=s
opinion is based upon assumed facts that vary materially from the actual
undisputed facts, the opinion is without probative value).








The
law is well settled that testimony such as Mrs. Hanson=sCthat
she did not know or recall how she fellCis
insufficient to raise a fact issue on proximate cause.  See, e.g., Excel Corp. v. Apodaca, 81 S.W.3d 817, 820B21
(Tex. 2002) (holding no evidence existed to support jury=s
cause-in-fact proximate cause finding because Aat
best, Apodaca offered evidence that he suffered
work-related injuries, but presented no proof that if Excel had done something
different at the worksite, Apodaca would not have
been injured or would not have been injured as severely@); Summers
v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 25B27
(Tex. App.CHouston
[1st Dist.] 1995, writ denied) (affirming summary judgment for defendant after
plaintiff=s
son fell from balcony because no evidence existed that alleged inadequate
height of balcony railing Ahad
anything to do with [son]=s fall@); Hopper
v. J. C. Penney, 371 S.W.2d 750, 752B53
(Tex. Civ. App.CFort Worth 1963, writ ref=d n.r.e.) (holding no evidence of proximate cause existed and
affirming directed verdict for defense when plaintiff admitted that she did not
know what caused her to fall down stairway because appellate court was Aleft
to speculate whether her hand failed to reach the handrail toward which she was
reaching, or grasped the same only to have her hand slip; whether she missed
the first step or stepped thereupon only to have her foot slip, her ankle turn,
her heel or toe to catch in some obstruction, etc.@).

We
agree with the Hansons that in this summary judgment
proceeding, they were not required to negate the possibilities of other causes
of Mrs. Hanson=s
fall.  See generally
Renfro Drug Co. v. Lewis, 235 S.W.2d 609, 621
(Tex. 1950).  We do not impose
this burden upon them; instead, we review the summary judgment evidence in the
light most favorable to them to determine whether a genuine issue of material
fact exists on the proximate cause element of their causes of action against Appellees.  The
summary judgment record before us is simply void of any direct or
circumstantial evidence or any reasonable inferences from the summary judgment
evidence that any problem with the stairs was the cause in fact of Mrs. Hanson=s
fall.  The summary judgment evidence
conclusively establishes that no one knows how, why, or where in the stairwell
Mrs. Hanson fell.  








Accordingly,
because each Appellee moved for summary judgmentCeither
traditional or no-evidence summary judgmentCon
the ground that no genuine issue of material fact existed with regard to the
proximate cause element of the Hansons=
claims against it and because each of the claims asserted by the Hansons against each of the Appellees
requires proof of proximate cause, we affirm the trial court=s
summary judgments for each of the Appellees on this
ground.  See, e.g., Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989)
(instructing us that if trial court=s
summary judgment does not specify the grounds upon which it is granted, we are
to affirm the judgment if any of the theories advanced are meritorious).  We overrule the Hansons=
sole issue claiming that the trial court erred by granting summary judgments
for Appellees.

V.  Conclusion

Having
determined that Appellees=
no-evidence and traditional summary judgment motionsCwhich
challenge the proximate cause element of all of the Hansons=
causes of action against AppelleesCare
meritorious, we affirm the trial court=s
summary judgments.  Because we affirm the
trial court=s
summary judgments on this basis, we need not address the Hansons=
challenges to the other grounds on which the trial court=s
summary judgments could have been based.

 

SUE WALKER

JUSTICE

 

PANEL:
DAUPHINOT, WALKER, and MEIER, JJ.

 

DAUPHINOT,
J. filed a dissenting opinion. 

 

DELIVERED:
July 15, 2010















 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-397-CV

 

 

ANGIE HANSON AND JOE HANSON                                               APPELLANTS

 

                                                             V.

 

GREYSTAR DEVELOPMENT &                                                         APPELLEES

CONSTRUCTION,
LP; HOUSTON 

STAFFORD
ELECTRICAL 

CONTRACTORS;
MULTI BUILDING 

INCORPORATED;
WLA VISTA 

RIDGE
V LP; WLA VISTA RIDGE 

GP
V LLC; COTTONWOOD REAL 

ESTATE
LIMITED PARTNERSHIP; 

LARAMAR MANAGEMENT 

SERVICES
LLC; GABLES RESIDENTIAL

SERVICES
INC.; WALTON STREET 

CAPITOL,
LLC; WLA APARTMENT

HOLDINGS
V, LP; & WLA VISTA RIDGE

GP
CAPITAL V, LLC

                                                                                                                             

 

                                                       ------------

 

               FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                          DISSENTING OPINION

 

                                                       ------------








In a
civil trial, a plaintiff must prove her case by a preponderance of the
evidence.  In response to a no-evidence
summary judgment motion, however, a plaintiff need only produce enough evidence
on a challenged element to raise an issue of fact.[1]  Because I believe that the Hansons produced sufficient evidence on causation to defeat
a no-evidence motion for summary judgment, I respectfully dissent.

The Acause
in fact@
element of proximate cause requires proof that the negligent act or omission
complained of was a substantial factor in bringing about the harm at issue.[2]  Even when it is undisputed that negligence
has occurred, the plaintiff must put on proof of a causal link between the
negligence and the injuries complained of.[3]  A plaintiff may use circumstantial evidence
to establish causation.[4]








The Hansons produced evidence that not only were the edges of
the treads on the stairs irregular throughout the stairway, but they were also
unpainted or otherwise marked, so that they blended together visually, making
it difficult for someone to identify the edge of the tread.  On top of that, the stairway did not have
adequate light. Common sense and the average lay person=s
own experience is all that is necessary to provide the requisite knowledge that
any of the conditions of which the Hansons complain
make stairs unsafe, let alone the combination of the conditions.  Unfortunately, there were no witnesses, and
so other than Angie=s own testimony, no evidence
could definitively establish the cause of her fall.  But Angie=s
injuries were so severe that she now has no memory of what caused her to
fall.  The Hansons
did, however, produce evidence showing not only that the stairs did not conform
to building codes, but that the particular conditions of the stairs are known
causes of stair falls.

A
fact finder may draw inferences from the evidence.[5]  And courts have, in limited cases, allowed
the fact finder to find causation based on an inference drawn from the
evidence.  

[I]f
a cause is shown that might produce an event and it being shown that an event
of that particular character did occur, it may be inferred that the known
possibility produced the result. Plaintiff is not required to exclude an
appreciable chance that the event might have occurred in some other way.
Expressed otherwise, a conclusion of causal connection may be inferred by a
balance of probabilities.[6] 

 








Because the Hansons produced some evidence showing (1) that the stairs
were in a certain condition, (2) that the condition is a known cause of stair
falls, and (3) that someone did fall, they therefore produced some evidence
from which a fact finder could infer that the condition of the stairs caused
the fall.[7]  This evidence was sufficient to raise a
genuine issue of fact on causation.








This
case is unlike other situations in which the injuries complained of could have
any number of possible causes, each just as likely as any other,[8]
or a case in which there was evidence of other obvious potential causes.[9]  The Hansons
produced evidence, not just of conditions that might cause someone to fall, but
of conditions known to cause falls.  In
fact, building codes prohibit these kinds of conditions precisely because they
are known to be dangerous and to cause falls. 
Thus, there was evidence of a condition that was known to be dangerous
and known to produce a certain resultCfallingCand
no evidence of any other obvious cause of Angie=s
fall.   The Hansons
therefore had no need to produce evidence discounting other possible causes of
the fall.[10]  By balancing the probability that the
condition of the stairs caused the fall against the probability that some
unknown factor, the existence of which there was no evidence, caused the fall,
a fact finder could infer that it was more likely than not that the stairs=
condition caused the fall.  I would
therefore hold that under these limited facts, the Hansons
produced sufficient evidence on causation to at least raise an issue of fact
and defeat no-evidence summary judgment. 
Accordingly, I respectfully dissent.

 

LEE ANN DAUPHINOT

JUSTICE

 

DELIVERED:
July 15, 2010











[1]The portions of The
Staircase attached to Mr. Sealy=s report also list user behavior factors
known to cause stair falls including hurrying, running, having a slow gait, not
paying attention, being distracted, and carrying things. Thus, this source
recognizes that in addition to any stair defects these user behaviors may cause
stair falls.





[1]Tex. R. Civ. P. 166a(i).





[2]Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat=l Dev. & Research Corp., 299 S.W.3d 106, 122 (Tex. 2009); Columbia Med. Ctr. of Las
Colinas, Inc. v. Hogue, 271 S.W.3d 238, 246 (Tex.
2008). 





[3]Guevara
v. Ferrer, 247 S.W.3d 662,
666 (Tex. 2007); Alexander v. Turtur &
Assocs., Inc., 146 S.W.3d 113, 119 (Tex. 2004). 





[4]B. M. & R.
Interests v. Snyder,
453 S.W.2d 360, 363B64 (Tex. Civ. App.CTyler 1970, writ ref=d n.r.e.).





[5]See, e.g., Farley v. M M Cattle Co., 529 S.W.2d 751,
757 (Tex. 1975) (allowing the jury to infer that the plaintiff had taken
certain actions based on direct evidence of the plaintiff=s characteristic
behavior), abrogated on other grounds by Parker v. Highland Park, Inc.,
565 S.W.2d 512 (Tex. 1978).





[6]Collier v. Hill &
Hill Exterminators,
322 S.W.2d 329, 337 (Tex. Civ. App.CHouston 1959, no
writ); see also Davis v. Anderson, 501 S.W.2d
459, 463 (Tex. Civ. App.CTexarkana 1973, no
writ); Bohn Bros. v. Turner, 182 S.W.2d 419,
422B23 (Tex. Civ. App.CAustin 1944, writ ref=d w.o.m.).  





[7]See Davis, 501 S.W.2d at 463; Collier, 322 S.W.2d
at 337; Bohn Bros., 182 S.W.2d at 422B23.





[8]Cf. Hang On II, Inc.
v. Tuckey, 978 S.W.2d
281, 284 (Tex. App.CFort Worth 1998, no pet.); Hopper v. J. C.
Penney Co., 371 S.W.2d 750, 752B53 (Tex. Civ. App.CFort Worth 1963, writ
ref=d n.r.e.).





[9]See Collier, 322 S.W.2d at 337; cf. Wal-Mart Stores, Inc., v. Merrell,
No. 09-0224, 2010 WL 2431635, at *2 (Tex. June 18, 2010).





[10]Cf.
Merrell,
2010 WL 2431635, at *2.















 [CB1]Majority
by walker; Dauphinot dissents