

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-397-CV

ANGIE HANSON AND JOE HANSON  APPELLANTS

V.

GREYSTAR DEVELOPMENT &  APPELLEES
CONSTRUCTION, LP; HOUSTON
STAFFORD ELECTRICAL
CONTRACTORS; MULTI BUILDING
INCORPORATED; WLA VISTA
RIDGE V LP; WLA VISTA RIDGE
GP V LLC; COTTONWOOD REAL
ESTATE LIMITED PARTNERSHIP;
LARAMAR MANAGEMENT
SERVICES LLC; GABLES RESIDENTIAL
SERVICES INC.; WALTON STREET
CAPITOL, LLC; WLA APARTMENT
HOLDINGS V, LP; AND WLA VISTA RIDGE
GP CAPITAL V, LLC

------------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

This is a summary judgment appeal. The trial court granted summary judgments for Appellees Greystar Development & Construction, LP; Houston Stafford Electrical Contractors; Multi Building Incorporated; WLA Vista Ridge V LP; WLA Vista Ridge GP V LLC; Cottonwood Real Estate Limited Partnership; Laramar Management Services LLC; Gables Residential Services Inc.; Walton Street Capitol, LLC; WLA Apartment Holdings V, LP; and WLA Vista Ridge GP Capital V, LLC. Appellants Angie Hanson and Joe Hanson perfected this appeal.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Angie and Joe Hanson were tenants in apartment 822 of The Villas of Vista Ridge in Lewisville. A stairway connecting apartment 822 to its attached garage was not built in accordance with the architect's plans and did not comply with the City of Lewisville's building code, and a prior tenant of apartment 822 had filed a written complaint that the stairway was dirty, wet, and made of untreated wood. Mrs. Hanson fell down the stairs and suffered life-threatening injuries. She is unable to remember how, why, or where in the stairwell she fell. Neither of the Hansons know whether the light in the stairwell was on or off when Mrs. Hanson fell. The Hansons subsequently sued Appellees, who are the contractors and subcontractors responsible for building The Villas of Vista Ridge and the current and former property managers of The Villas.

## III. SUMMARY JUDGMENT STANDARDS OF REVIEW

2

A no-evidence motion for summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004). The movant must specifically state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged in the motion. We view the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences in determining whether the nonmovant has produced evidence raising a genuine issue of material fact. *King Ranch*, 118 S.W.3d at 751.

In pursuing a traditional motion for summary judgment, the movant bears the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review the motion and the evidence de novo, taking as true all evidence favorable to the nonmovant, indulging every reasonable inference, and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, the trial court does not specify the grounds on which the judgment is based, we will affirm the judgment if it is correct on any legal theory expressly placed at issue and supported by the evidence. Tex. R. Civ. P. 166a(c) (stating that issues must be "expressly set out in the motion or in an answer or any other response"); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam) (holding

3

that when the grounds for the ruling are not specified, we affirm "if any of the theories advanced are meritorious").

## IV.  NO EVIDENCE OF PROXIMATE CAUSE OR THE ABSENCE OF PROXIMATE CAUSE CONCLUSIVELY ESTABLISHED

Each Appellee filed either a traditional or a no-evidence motion for summary judgment on the issue of causation.  Viewing the summary judgment record in the light most favorable to the Hansons, it establishes that Mrs. Hanson has no recollection of how she fell, that neither Joe nor anyone else saw her fall, and that no one knows whether the lights in the stairwell were turned on when she fell.

As summary judgment evidence, the Hansons filed an expert report from Jim Sealy, an architect.  Mr. Sealy inspected the stairway in question and determined that variances in the risers exceeded those allowed by the building code.  He also determined that the stairway's illumination did not comply with the 1997 Uniform Building Code or the 2000 International Building Code.  Mr. Sealy's report indicates that in forming his opinions he relied upon a book called *The Staircase* written by Dr. Templer which explains that most stairway falls occur either on the first three steps on the stairway or on the last three steps.[1]  Mr. Sealy's report indicates that the first

---

[1] The portions of *The Staircase* attached to Mr. Sealy's report also list user behavior factors known to cause stair falls including hurrying, running, having a slow gait, not paying attention, being distracted, and carrying things. Thus, this source recognizes that in addition to any stair defects these user behaviors may cause stair falls.

4

three stairs on the stairway in question are of irregular height, but it does not mention the last three stairs. Mr. Sealy concluded,

> Based on my visual inspection of the stairway in question and based upon [my] education, training and experience, as an architect, a designer of stairways and as a writer and interpreter of building codes and standards, it is my opinion that Mrs. Joe Hanson lost her balance and fell on the garage stairway of her apartment at the Villas at Vista Rose [sic] in Lewisville, Texas. It is also my opinion that Mrs. Hanson lost her balance and fell because of the inadequate lighting and irregular dimensions of the stairway upon which she was walking and those inadequacies and irregularities contributed to Mrs. Hanson overstepping a tread and that ultimately resulted in her loss of balance and her fall.

> . . . .

> Further, it is my opinion that had the stairway been properly illuminated and had the risers (steps) been regular in their dimension Mrs. Hanson would not have lost her balance and she would not have fallen and been injured.

As additional summary judgment evidence, the Hansons attached Mr. Sealy's deposition to their summary judgment response. In his deposition, Mr. Sealy testified as follows:

> Q. And the fact of the matter is, whether you want to rely on Dr. Templer's statistical or analytical research [in *The Staircase*], you are in possession of no factual information whatsoever, to indicate where, if anywhere, on that stairway Mrs. Hanson fell, correct?

> A. That's correct.

> . . . .

> Q. Okay. Jump to the last page of your November 2007 report. I think we've covered this, but I just want to go ahead and make sure that we make sure that we've talked about it. First paragraph, middle of the first

5

sentence: "It is my opinion that Mrs. Joe Hanson lost her balance and fell on the garage stairway of her apartment at the Villas of Vista rose - - Vista Ridge - - in Lewisville, Texas." Did I read that correctly?

A. Yes.

Q. Okay. And again, you have no factual information, upon which to base that opinion, other than the husband of a nonresponsive woman who told you that that's where she fell, correct?

A. Yes.

Q. Okay. Next sentence: "It is also my opinion that Mrs. Hanson lost her balance and fell because of the inadequate lighting." I'm going to stop there.

You have no factual information whatsoever in your possession, do you, sir, to suggest that Mrs. Hanson fell anywhere because of inadequate lighting?

A. Correct.

Q. Okay. To continue on: "And irregular dimensions of the stairway upon which she was walking." I'm going to stop there.

Isn't it true, Mr. Sealy, that you have no factual information in your possession, upon which to rely, to suggest that Mrs. Hanson, if she fell, fell on that stairway because of irregular dimensions of the stairway, upon which she was walking?

A. Correct.

Q. Continuing on: "And those inadequacies and irregularities contributed to Mrs. Hanson overstepping the tread, and that ultimately resulted in her loss of balance and her fall." Did I read that correctly?

A. Yes.

Q. And isn't it true, Mr. Sealy, that you have no factual information, upon which to rely, to conclude that Mrs. Hanson, if she fell, fell because she overstepped a tread and lost her balance?

6

A. Correct.

Appellees claim that Mr. Sealy's conclusion in his report that the poor illumination and irregularities in the steps caused Mrs. Hanson to fall constitutes pure speculation and conjecture, especially in light of the above deposition testimony attached to Appellants' summary judgment response.

An expert's simple *ipse dixit* is insufficient to establish a matter; rather, the expert must explain the basis of his statements to link his conclusions to the facts. *See City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009) (quoting *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999)); *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999). An expert's conclusory statements are insufficient to raise a fact question to defeat summary judgment. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 803 (Tex. 2004); *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997) (holding conclusory statements by an expert are not sufficient to support or defeat summary judgment). Instead, an expert's opinions must be supported by facts in evidence, not merely conjecture. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 729 (Tex. 2003) (per curiam). That is, an expert's opinions cannot rest on the expert's subjective interpretation of the facts. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 239 (Tex. 2010). A party may complain that conclusory opinions are legally insufficient evidence to support a judgment even if the party did not object to the admission of the testimony. *See Pollock*, 284 S.W.3d at 816.

7

Here, no facts exist in the summary judgment record that support Mr. Sealy's opinions and conclusions that Mrs. Hanson fell on the stairs *because of* the irregularities in them or *because of* inadequate lighting. Consequently, Mr. Sealy's conclusions, based on speculation and conjecture, constitute no evidence and will not defeat a summary judgment. *See IHS Cedars Treatment Ctr.*, 143 S.W.3d at 803; *see also Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995) (explaining that when an expert's opinion is based upon assumed facts that vary materially from the actual undisputed facts, the opinion is without probative value).

The law is well settled that testimony such as Mrs. Hanson's—that she did not know or recall how she fell—is insufficient to raise a fact issue on proximate cause. *See, e.g.*, *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820–21 (Tex. 2002) (holding no evidence existed to support jury's cause-in-fact proximate cause finding because "at best, Apodaca offered evidence that he suffered work-related injuries, but presented no proof that if Excel had done something different at the worksite, Apodaca would not have been injured or would not have been injured as severely"); *Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20, 25–27 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (affirming summary judgment for defendant after plaintiff's son fell from balcony because no evidence existed that alleged inadequate height of balcony railing "had anything to do with [son]'s fall"); *Hopper v. J. C. Penney*, 371 S.W.2d 750, 752–53 (Tex. Civ. App.—Fort Worth 1963, writ ref'd n.r.e.) (holding no evidence of proximate cause existed and affirming directed verdict for defense when plaintiff

8

admitted that she did not know what caused her to fall down stairway because appellate court was "left to speculate whether her hand failed to reach the handrail toward which she was reaching, or grasped the same only to have her hand slip; whether she missed the first step or stepped thereupon only to have her foot slip, her ankle turn, her heel or toe to catch in some obstruction, etc.").

We agree with the Hansons that in this summary judgment proceeding, they were not required to negate the possibilities of other causes of Mrs. Hanson's fall. *See generally Renfro Drug Co. v. Lewis*, 235 S.W.2d 609, 621 (Tex. 1950). We do not impose this burden upon them; instead, we review the summary judgment evidence in the light most favorable to them to determine whether a genuine issue of material fact exists on the proximate cause element of their causes of action against Appellees. The summary judgment record before us is simply void of any direct or circumstantial evidence or any reasonable inferences from the summary judgment evidence that any problem with the stairs was the cause in fact of Mrs. Hanson's fall. The summary judgment evidence conclusively establishes that no one knows how, why, or where in the stairwell Mrs. Hanson fell.

Accordingly, because each Appellee moved for summary judgment—either traditional or no-evidence summary judgment—on the ground that no genuine issue of material fact existed with regard to the proximate cause element of the Hansons' claims against it and because each of the claims asserted by the Hansons against each of the Appellees requires proof of proximate cause, we affirm the trial court's

9

summary judgments for each of the Appellees on this ground. *See, e.g., Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989) (instructing us that if trial court's summary judgment does not specify the grounds upon which it is granted, we are to affirm the judgment if any of the theories advanced are meritorious). We overrule the Hansons' sole issue claiming that the trial court erred by granting summary judgments for Appellees.

## V. CONCLUSION

Having determined that Appellees' no-evidence and traditional summary judgment motions—which challenge the proximate cause element of all of the Hansons' causes of action against Appellees—are meritorious, we affirm the trial court's summary judgments. Because we affirm the trial court's summary judgments on this basis, we need not address the Hansons' challenges to the other grounds on which the trial court's summary judgments could have been based.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

DELIVERED: July 15, 2010



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-397-CV

ANGIE HANSON AND JOE HANSON                         APPELLANTS

V.

GREYSTAR DEVELOPMENT &                              APPELLEES
CONSTRUCTION, LP; HOUSTON
STAFFORD ELECTRICAL
CONTRACTORS; MULTI BUILDING
INCORPORATED; WLA VISTA
RIDGE V LP; WLA VISTA RIDGE
GP V LLC; COTTONWOOD REAL
ESTATE LIMITED PARTNERSHIP;
LARAMAR MANAGEMENT
SERVICES LLC; GABLES RESIDENTIAL
SERVICES INC.; WALTON STREET
CAPITOL, LLC; WLA APARTMENT
HOLDINGS V, LP; & WLA VISTA RIDGE
GP CAPITAL V, LLC

------------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## DISSENTING OPINION

------------

In a civil trial, a plaintiff must prove her case by a preponderance of the evidence. In response to a no-evidence summary judgment motion, however, a plaintiff need only produce enough evidence on a challenged element to raise an issue of fact.[1] Because I believe that the Hansons produced sufficient evidence on causation to defeat a no-evidence motion for summary judgment, I respectfully dissent.

The "cause in fact" element of proximate cause requires proof that the negligent act or omission complained of was a substantial factor in bringing about the harm at issue.[2] Even when it is undisputed that negligence has occurred, the plaintiff must put on proof of a causal link between the negligence and the injuries complained of.[3] A plaintiff may use circumstantial evidence to establish causation.[4]

The Hansons produced evidence that not only were the edges of the treads on the stairs irregular throughout the stairway, but they were also unpainted or otherwise marked, so that they blended together visually, making it difficult for someone to identify the edge of the tread. On top of that, the stairway did not have

---

[1] ... Tex. R. Civ. P. 166a(i).

[2] ... *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009); *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 246 (Tex. 2008).

[3] ... *Guevara v. Ferrer*, 247 S.W.3d 662, 666 (Tex. 2007); *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119 (Tex. 2004).

[4] ... *B. M. & R. Interests v. Snyder*, 453 S.W.2d 360, 363–64 (Tex. Civ. App.—Tyler 1970, writ ref'd n.r.e.).

adequate light. Common sense and the average lay person's own experience is all that is necessary to provide the requisite knowledge that any of the conditions of which the Hansons complain make stairs unsafe, let alone the combination of the conditions. Unfortunately, there were no witnesses, and so other than Angie's own testimony, no evidence could definitively establish the cause of her fall. But Angie's injuries were so severe that she now has no memory of what caused her to fall. The Hansons did, however, produce evidence showing not only that the stairs did not conform to building codes, but that the particular conditions of the stairs are known causes of stair falls.

A fact finder may draw inferences from the evidence.[5] And courts have, in limited cases, allowed the fact finder to find causation based on an inference drawn from the evidence.

> [I]f a cause is shown that might produce an event and it being shown that an event of that particular character did occur, it may be inferred that the known possibility produced the result. Plaintiff is not required to exclude an appreciable chance that the event might have occurred in some other way. Expressed otherwise, a conclusion of causal connection may be inferred by a balance of probabilities.[6]

---

[5] *See, e.g.*, *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 757 (Tex. 1975) (allowing the jury to infer that the plaintiff had taken certain actions based on direct evidence of the plaintiff's characteristic behavior), *abrogated on other grounds by Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978).

[6] *Collier v. Hill & Hill Exterminators*, 322 S.W.2d 329, 337 (Tex. Civ. App.—Houston 1959, no writ); *see also Davis v. Anderson*, 501 S.W.2d 459, 463 (Tex. Civ. App.—Texarkana 1973, no writ); *Bohn Bros. v. Turner*, 182 S.W.2d 419, 422–23 (Tex. Civ. App.—Austin 1944, writ ref'd w.o.m.).

Because the Hansons produced some evidence showing (1) that the stairs were in a certain condition, (2) that the condition is a known cause of stair falls, and (3) that someone did fall, they therefore produced some evidence from which a fact finder could infer that the condition of the stairs caused the fall.[7] This evidence was sufficient to raise a genuine issue of fact on causation.

This case is unlike other situations in which the injuries complained of could have any number of possible causes, each just as likely as any other,[8] or a case in which there was evidence of other obvious potential causes.[9] The Hansons produced evidence, not just of conditions that might cause someone to fall, but of conditions known to cause falls. In fact, building codes prohibit these kinds of conditions precisely because they are known to be dangerous and to cause falls. Thus, there was evidence of a condition that was known to be dangerous and known to produce a certain result—falling—and no evidence of any other obvious cause of Angie's fall. The Hansons therefore had no need to produce evidence discounting other possible causes of the fall.[10] By balancing the probability that the condition of

---

[7] *See Davis*, 501 S.W.2d at 463; *Collier*, 322 S.W.2d at 337; *Bohn Bros.*, 182 S.W.2d at 422–23.

[8] *Cf. Hang On II, Inc. v. Tuckey*, 978 S.W.2d 281, 284 (Tex. App.—Fort Worth 1998, no pet.); *Hopper v. J. C. Penney Co.*, 371 S.W.2d 750, 752–53 (Tex. Civ. App.—Fort Worth 1963, writ ref'd n.r.e.).

[9] *See Collier*, 322 S.W.2d at 337; *cf. Wal-Mart Stores, Inc., v. Merrell*, No. 09-0224, 2010 WL 2431635, at *2 (Tex. June 18, 2010).

[10] *Cf. Merrell*, 2010 WL 2431635, at *2.

the stairs caused the fall against the probability that some unknown factor, the existence of which there was no evidence, caused the fall, a fact finder could infer that it was more likely than not that the stairs' condition caused the fall. I would therefore hold that under these limited facts, the Hansons produced sufficient evidence on causation to at least raise an issue of fact and defeat no-evidence summary judgment. Accordingly, I respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

DELIVERED: July 15, 2010