02-10-399-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00399-CV

 

 


 
 
 Continental Casualty Insurance Company
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Mary M. Lavender
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 158th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction and Factual Background

Appellee
Mary M. Lavender became eligible for workers’ compensation death benefits when
her husband suffered a compensable injury that resulted in his death while in
the course and scope of his employment.  Appellant Continental Casualty
Insurance Company, after paying the death benefits for several years, filed proceedings
with the worker’s compensation commission claiming that Mary had become
ineligible to continue to receive death benefits because she had remarried by
virtue of a common law marriage to Michael Brucia.  Both the Contested Case
Hearing Officer’s Decision and the subsequent decision of the Appeals Panel of
the Workers’ Compensation Commission were adverse to Appellant.  Appellant then
sought judicial review, filing an original petition in district court.  Mary
filed a no-evidence motion for summary judgment in the district court, claiming
that no evidence existed that she had agreed to be presently married to Brucia
or that the couple held themselves out as husband and wife.  The trial court
granted Mary’s no-evidence motion for summary judgment and awarded attorneys’
fees to her.[2] Appellant perfected this
appeal.

Appellant
raises eight points on appeal, three challenging the no-evidence summary
judgment granted for Mary and five challenging the trial court’s award of
attorneys’ fees to Mary.  For the reasons set forth below, we will affirm the
trial court’s judgment.

II.  No Evidence
of First Element of Common Law Marriage

In
Appellant’s first three points, it asserts that it produced summary judgment
evidence raising a genuine issue of material fact on each of the three elements
of common law marriage.[3]  Proof of a common law
marriage may be established by evidence that (1) the man and woman agree to be
married, (2) they live together as husband and wife, and (3) they represent
themselves to others as married.  See Tex. Fam. Code Ann. § 2.401(a)(2)
(West 2006).

Concerning
the first element, a common law marriage cannot be founded on an agreement to
be married in the future.  See Walter v. Walter, 433 S.W.2d 183, 191
(Tex. Civ. App.––Houston [1st Dist.] 1968, writ ref’d n.r.e.).  The parties
must intend to have a present, immediate, and permanent marital relationship.  Winfield
v. Renfro, 821 S.W.2d 640, 645 (Tex. App.––Houston [1st Dist.] 1991, writ
denied).  Mary and Bruscia both denied the existence of a present intent to be
married.  Cf., e.g., Eris v. Phares, 39 S.W.3d 708, 714 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (holding that testimony of at
least one party to an alleged common law marriage that couple presently
intended to be married constituted more than a scintilla of evidence on first
element of common law marriage).  In support of its first point and as evidence
of Mary’s and Brucia’s intent to be presently married, Appellant points only to
the fact that Brucia gave Mary an engagement ring, the fact that Mary and
Brucia agreed to be married at some date in the future, and the fact that Mary
and Brucia cohabitated.  We hold that as a matter of law none these facts nor
any other summary judgment evidence in the record constitutes more than a
scintilla of evidence of an intent by Mary and Brucia to be presently married. 
See Mills v. Mest, 94 S.W.3d 72, 73–74 (Tex. App.—Houston [14th Dist.]
2002, pet. denied) (holding evidence legally insufficient to support first
element of common law marriage).

Because
no evidence exists on the first element of a common law marriage, the trial
court did not err by granting Mary’s no-evidence motion for summary judgment.  See
Tex. R. Civ. P. 166a(i) (providing that trial court must grant a
no-evidence summary judgment if the non-movant does not produce evidence
raising a fact issue on a challenged element).  We overrule Appellant’s first
point.  Having affirmed the trial court’s no-evidence summary judgment on this
basis, we need not address Appellant’s second and third points claiming that
more than a scintilla of evidence exists on the other two elements of common
law marriage.  See Hanson v. Greystar Dev. & Constr. L.P., 317
S.W.3d 850, 855 (Tex. App.––Fort Worth 2010, pet. denied).

III.  Attorneys’ Fee Award
is Proper

In its
remaining five points, Appellant claims that the trial court’s award of $24,400
in attorneys’ fees to Mary’s attorneys was erroneous because the no-evidence
summary judgment was improper; the hourly rates for the fees awarded to Mary’s
attorneys exceeded $150 per hour, which Appellant alleges is a statutory cap; the
hourly rates for the fees awarded to Mary’s attorneys were not reasonable; the
judgment ordered the attorneys’ fees paid directly to Mary’s attorneys even
though they are not parties to the lawsuit; and the fee award included time
spent by Mary’s attorneys in pursuit of their fees.

Because
we have held that the trial court correctly granted Mary’s no-evidence summary
judgment on the ground that no evidence exists on the first element of common
law marriage––that Mary and Brucia agreed to be presently married––the trial
court’s no-evidence summary judgment was not erroneous so that an award of
attorneys’ fees was precluded.  We overrule Appellant’s fourth point.

The
trial court conducted an evidentiary hearing on Mary’s request for attorneys’
fees.  The trial court heard testimony from Mary’s attorneys, examined Mary’s
attorneys’ billing records that were admitted into evidence at the hearing, and
examined a twelve-page affidavit from Mary’s counsel that was admitted into
evidence at the hearing.  The record reflects that Mary’s attorneys ultimately
proved up attorneys’ fees in the amount of $53,075.  This fee amount was based
on 6.7 hours at the rate of $400 per hour for Mr. Barbknecht as senior attorney
on the case, 164.6 hours at the rate of $275 per hour for associate Laci
Dreher, and 34.2 hours at the rate of $150 per hour for paralegals.  Following
the evidentiary hearing on attorneys’ fees, the trial court sent the parties a
letter ruling explaining that it was going to award $24,400 in attorneys’ fees
and setting forth how the trial court had reached that number.

Ultimately,
the trial court’s judgment provided, in pertinent part,

The Court ORDERS and
DECREES that Defendant Mary Lavender recover reasonable and necessary
attorney’s fees in the amount of $24,400.00, adjudged against Plaintiff,
Continental Casualty Insurance Company, against whom execution may issue for
collection of said costs.  Therefore, Continental Casualty Insurance Company is
ordered to pay attorney’s fees in the amount of $24,400.00, in a lump sum, plus
five percent (5%) interest, within fifteen days (15) of the date this Judgment
is signed, to The Barbknecht Firm, P.C., as the prevailing party may recover
said attorney’s fees from Plaintiff, Continental Casualty Insurance Company,
against whom execution may issue.

Under
the Texas Workers’ Compensation Act, an insurance carrier that seeks judicial
review of a final decision of the appeals panel regarding eligibility for death
benefits is liable for reasonable and necessary attorney’s fees incurred by the
claimant as a result of the insurance carrier’s appeal if the claimant prevails
on an issue on which judicial review is sought by the insurance carrier.  See
Tex. Lab. Code Ann. § 408.221(c).  Although the commissioner by rule sets
guidelines for maximum attorney’s fees for specific services, attorney’s fees
that an insurance carrier is liable for when it seeks judicial review of a
final decision of the appeals panel regarding eligibility for death benefits and
when the claimant prevails on an issue on which judicial review is sought are
not subject to the rules adopted by the commissioner.  See id. §
408.221(f) (providing that “[t]he commissioner by rule shall provide guidelines
for maximum attorney’s fees for specific services in accordance with this
section”); § 408.221(c) (providing that “[a]n award of attorney’s fees under
this subsection is not subject to commissioner rules adopted under Subsection
(f)”).  The commissioner’s guidelines for maximum attorney’s fees are
applicable only to legal fees generated by proceedings before the commission. 
28 Tex. Admin. Code § 152.4(a) (2011) (Tex. Dep’t of Ins., Div. of
Workers’ Comp., Guidelines for Legal Services Provided to Claimants and
Carriers) (“The guidelines outlined in this rule shall be considered by the
commission along with the factors, and maximum fee limitations . . . .”)
(emphasis added).

Appellant’s
fifth point argues that the trial court erred by awarding Mary’s attorneys fees
based on hourly rates in excess of $150 because the rules adopted by the
commissioner pursuant to section 408.221(f) of the Texas Labor Code cap the
hourly rate at $150.  See id. § 152.4(d)(1).  Contrary to
Appellant’s position, the hourly rate fee caps set by the commisisoner are
expressly not applicable to an award of attorney’s fees made pursuant to
section 408.221, subsection (c) of the Texas Labor Code.  See
Tex. Lab. Code Ann. § 408.221(c) (providing that an award of attorney’s
fees under subsection (c) is not subject to commissioner rules adopted under
subsection (f)).  It is undisputed that the award of attorneys’ fees to Mary was
made pursuant to labor code section 408.221(c) because Appellant sought judicial
review of a final decision of the appeals panel regarding Mary’s eligibility
for death benefits and Mary prevailed on the issue on which judicial review was
sought.  Because Mary’s attorneys’ fees are not capped by the rules adopted by
the commissioner, we overrule Appellant’s fifth point.

In
its sixth point, Appellant argues that the hourly rates for the fees awarded to
Mary’s attorneys were not reasonable hourly rates.  Appellant bases this
argument on the hourly rate fee computation that the trial court utilized in
its letter to the parties.  Letter rulings, however, do not constitute formal
findings of fact.  Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.,
801 S.W.2d 872, 878 (Tex. 1990); Castillo v. August, 248 S.W.3d 874, 880
(Tex. App.––El Paso 2008, no pet.).  Because the trial court’s letter ruling in
this case does not constitute formal findings of fact, no finding of fact
exists on what hourly rate the trial court utilized in determining that
reasonable attorneys’ fees in this case totaled $24,400.  See Cherokee
Water Co., 801 S.W.2d at 878.  When a trial court makes no findings of fact
or conclusions of law, we must assume it made all findings in support of its
judgment.  Pharo v. Chambers Cnty., 922 S.W.2d 945, 948 (Tex. 1996).

Generally,
the amount of money awarded as attorney’s fees rests within the sound
discretion of the court.  Ragsdale v. Progressive Voters League, 801
S.W.2d 880, 881 (Tex. 1990).  However, to determine whether the award
constituted an abuse of discretion, the reviewing court must first determine
whether the trial court had sufficient evidence before it upon which it could
exercise its discretion.  See Alford v. Johnston, 224 S.W.3d 291, 298
(Tex. App.—El Paso 2005, pet. denied).  In reviewing the sufficiency of the
evidence supporting an award of attorney’s fees, we consider the following
factors: (1) the time and labor required, the novelty and difficulty of the
questions involved, and the skill required to perform the legal service
properly; (2) the likelihood that the acceptance of the particular employment
will preclude other employment; (3) the fee customarily charged in the locality
for similar legal services; (4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances; (6) the
nature and length of the professional relationship with the client; (7) the
experience, reputation, and ability of the lawyer or lawyers performing the
services; and (8) whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been rendered.  See
Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997). 
No requirement exists that evidence be introduced on of each of the Andersen
factors.  See Franco v. Lopez, 307 S.W.3d 551, 555 (Tex. App.—Dallas
2010, no pet.).

Through
billing statements, affidavits, and live testimony, Mary’s attorneys proved up
$53,075 in reasonable and necessary attorneys’ fees (6.7 hours by Mr.
Barbknecht at $400 per hour, 164.6 hours by Ms. Dreher at $275 per hour, and
34.2 hours by paralegals at $150 per hour) for work performed from October 2008
when Appellant filed its original petition for judicial review until July 30,
2010, when the trial court signed the final judgment.  The affidavit presented
to the trial court details the work performed by Mary’s attorneys and explains
why it was necessary based on the actions taken by Appellant in furtherance of
Appellant’s claims.  The trial court awarded attorneys’ fees in an amount
constituting less than half of the attorneys’ fees proved up by Mary’s
attorneys—$24,400.  Based on the evidence presented to the trial court,
including evidence concerning the Andersen factors; the absence of
findings of fact on the hourly rate utilized by the trial court to reach its
award of $24,400; and the assumption that the trial court made all findings in
support of its award of $24,400; we cannot say that no evidence exists
supporting the trial court’s award of $24,400 in attorneys’ fees to Mary’s
attorneys or that the trial court abused its discretion by awarding this
amount.  We overrule Appellant’s sixth point.

In
its seventh point, Appellant argues that the trial court erred “because it
awarded the fees directly to The Barbknecht Firm as the prevailing party, when
The Barbknecht Firm was not a party to the DWC decision and is not a party to
this lawsuit.”  As set forth and quoted above, however, the trial court’s
judgment awards reasonable and necessary attorneys’ fees to Mary
Lavender and adjudged them against Appellant.  The judgment then further
orders that the attorneys’ fee award be paid directly to The Barbknecht Firm.  Thus,
the plain language of the judgment awards attorneys’ fees to Mary as the
prevailing party, not to The Barbknecht Firm as the prevailing party, and makes
the attorneys’ fees awarded to Mary as the prevailing party payable directly to
her attorneys, The Barbkencht Firm.  We overrule Appellant’s seventh point.

In
its eighth point, Appellant argues that the trial court erred because it
awarded attorneys’ fees to Mary’s attorneys for actions performed in pursuit of
the attorneys’ fees.  Because the trial court did not make findings of fact or
conclusions of law concerning its attorneys’ fee award, to the extent, if any,
that attorneys’ fees incurred in pursuit of a statutory right to attorneys’
fees are not recoverable, and because the trial court did not award the amount
of attorneys’ fees requested and proved up by Mary’s attorneys but instead
awarded less than half of that amount, we presume that the trial court did not
include actions taken in pursuit of attorneys’ fees in its $24,400 fee award.  See,
e.g., Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (holding
that in absence of findings of fact and conclusions of law, appellate court
must presume all facts in support of the judgment and must uphold judgment on
any legal theory finding support in the record).  Accordingly, we overrule
Appellant’s eighth point.

IV.  Conclusion

Having
overruled Appellant’s first, fourth, fifth, sixth, seventh, and eighth points
and having determined that we need not address Appellant’s second and third
points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED:  June 9, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Lab. Code
Ann. § 408.221(c) (West 2006) (making insurance carrier seeking judicial review
liable for claimant’s attorney’s fees when claimant prevails on issue for which
carrier sought judicial review).





[3]Mary’s no-evidence motion
for summary judgment challenged only the first and third elements of common law
marriage.  See Tex. R. Civ. P. 166a(i) (“The motion must state the
elements as to which there is no evidence.”).