

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00399-CV

CONTINENTAL CASUALTY INSURANCE COMPANY

APPELLANT

V.

MARY M. LAVENDER

APPELLEE

----------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION AND FACTUAL BACKGROUND

Appellee Mary M. Lavender became eligible for workers' compensation death benefits when her husband suffered a compensable injury that resulted in his death while in the course and scope of his employment. Appellant Continental Casualty Insurance Company, after paying the death benefits for

---

[1]See Tex. R. App. P. 47.4.

several years, filed proceedings with the worker's compensation commission claiming that Mary had become ineligible to continue to receive death benefits because she had remarried by virtue of a common law marriage to Michael Brucia. Both the Contested Case Hearing Officer's Decision and the subsequent decision of the Appeals Panel of the Workers' Compensation Commission were adverse to Appellant. Appellant then sought judicial review, filing an original petition in district court. Mary filed a no-evidence motion for summary judgment in the district court, claiming that no evidence existed that she had agreed to be presently married to Brucia or that the couple held themselves out as husband and wife. The trial court granted Mary's no-evidence motion for summary judgment and awarded attorneys' fees to her.[2] Appellant perfected this appeal.

Appellant raises eight points on appeal, three challenging the no-evidence summary judgment granted for Mary and five challenging the trial court's award of attorneys' fees to Mary. For the reasons set forth below, we will affirm the trial court's judgment.

## II. NO EVIDENCE OF FIRST ELEMENT OF COMMON LAW MARRIAGE

In Appellant's first three points, it asserts that it produced summary judgment evidence raising a genuine issue of material fact on each of the three

---

[2]*See* Tex. Lab. Code Ann. § 408.221(c) (West 2006) (making insurance carrier seeking judicial review liable for claimant's attorney's fees when claimant prevails on issue for which carrier sought judicial review).

elements of common law marriage.[3]  Proof of a common law marriage may be established by evidence that (1) the man and woman agree to be married, (2) they live together as husband and wife, and (3) they represent themselves to others as married.  *See* Tex. Fam. Code Ann. § 2.401(a)(2) (West 2006).

Concerning the first element, a common law marriage cannot be founded on an agreement to be married in the future.  *See Walter v. Walter*, 433 S.W.2d 183, 191 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.).  The parties must intend to have a present, immediate, and permanent marital relationship.  *Winfield v. Renfro*, 821 S.W.2d 640, 645 (Tex. App.—Houston [1st Dist.] 1991, writ denied).  Mary and Bruscia both denied the existence of a present intent to be married.  *Cf., e.g.*, *Eris v. Phares*, 39 S.W.3d 708, 714 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that testimony *of at least one party* to an alleged common law marriage that couple presently intended to be married constituted more than a scintilla of evidence on first element of common law marriage).  In support of its first point and as evidence of Mary's and Brucia's intent to be presently married, Appellant points only to the fact that Brucia gave Mary an engagement ring, the fact that Mary and Brucia agreed to be married at some date in the future, and the fact that Mary and Brucia cohabitated.  We hold that as a matter of law none these facts nor any other summary judgment

---

[3]Mary's no-evidence motion for summary judgment challenged only the first and third elements of common law marriage.  *See* Tex. R. Civ. P. 166a(i) ("The motion must state the elements as to which there is no evidence.").

evidence in the record constitutes more than a scintilla of evidence of an intent by Mary and Brucia to be presently married. *See Mills v. Mest*, 94 S.W.3d 72, 73–74 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding evidence legally insufficient to support first element of common law marriage).

Because no evidence exists on the first element of a common law marriage, the trial court did not err by granting Mary's no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i) (providing that trial court must grant a no-evidence summary judgment if the non-movant does not produce evidence raising a fact issue on a challenged element). We overrule Appellant's first point. Having affirmed the trial court's no-evidence summary judgment on this basis, we need not address Appellant's second and third points claiming that more than a scintilla of evidence exists on the other two elements of common law marriage. *See Hanson v. Greystar Dev. & Constr. L.P.*, 317 S.W.3d 850, 855 (Tex. App.—Fort Worth 2010, pet. denied).

### III. ATTORNEYS' FEE AWARD IS PROPER

In its remaining five points, Appellant claims that the trial court's award of $24,400 in attorneys' fees to Mary's attorneys was erroneous because the no-evidence summary judgment was improper; the hourly rates for the fees awarded to Mary's attorneys exceeded $150 per hour, which Appellant alleges is a statutory cap; the hourly rates for the fees awarded to Mary's attorneys were not reasonable; the judgment ordered the attorneys' fees paid directly to Mary's

4

attorneys even though they are not parties to the lawsuit; and the fee award included time spent by Mary's attorneys in pursuit of their fees.

Because we have held that the trial court correctly granted Mary's no-evidence summary judgment on the ground that no evidence exists on the first element of common law marriage—that Mary and Brucia agreed to be presently married—the trial court's no-evidence summary judgment was not erroneous so that an award of attorneys' fees was precluded. We overrule Appellant's fourth point.

The trial court conducted an evidentiary hearing on Mary's request for attorneys' fees. The trial court heard testimony from Mary's attorneys, examined Mary's attorneys' billing records that were admitted into evidence at the hearing, and examined a twelve-page affidavit from Mary's counsel that was admitted into evidence at the hearing. The record reflects that Mary's attorneys ultimately proved up attorneys' fees in the amount of $53,075. This fee amount was based on 6.7 hours at the rate of $400 per hour for Mr. Barbknecht as senior attorney on the case, 164.6 hours at the rate of $275 per hour for associate Laci Dreher, and 34.2 hours at the rate of $150 per hour for paralegals. Following the evidentiary hearing on attorneys' fees, the trial court sent the parties a letter ruling explaining that it was going to award $24,400 in attorneys' fees and setting forth how the trial court had reached that number.

Ultimately, the trial court's judgment provided, in pertinent part,

5

The Court ORDERS and DECREES that Defendant Mary Lavender recover reasonable and necessary attorney's fees in the amount of $24,400.00, adjudged against Plaintiff, Continental Casualty Insurance Company, against whom execution may issue for collection of said costs. Therefore, Continental Casualty Insurance Company is ordered to pay attorney's fees in the amount of $24,400.00, in a lump sum, plus five percent (5%) interest, within fifteen days (15) of the date this Judgment is signed, to The Barbknecht Firm, P.C., as the prevailing party may recover said attorney's fees from Plaintiff, Continental Casualty Insurance Company, against whom execution may issue.

Under the Texas Workers' Compensation Act, an insurance carrier that seeks judicial review of a final decision of the appeals panel regarding eligibility for death benefits is liable for reasonable and necessary attorney's fees incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier. *See* Tex. Lab. Code Ann. § 408.221(c). Although the commissioner by rule sets guidelines for maximum attorney's fees for specific services, attorney's fees that an insurance carrier is liable for when it seeks judicial review of a final decision of the appeals panel regarding eligibility for death benefits and when the claimant prevails on an issue on which judicial review is sought are not subject to the rules adopted by the commissioner. *See id.* § 408.221(f) (providing that "[t]he commissioner by rule shall provide guidelines for maximum attorney's fees for specific services in accordance with this section"); § 408.221(c) (providing that "[a]n award of attorney's fees under this subsection is not subject to commissioner rules adopted under Subsection (f)"). The commissioner's guidelines for maximum attorney's fees are applicable only to legal fees

6

generated by proceedings before the commission. 28 Tex. Admin. Code § 152.4(a) (2011) (Tex. Dep't of Ins., Div. of Workers' Comp., Guidelines for Legal Services Provided to Claimants and Carriers) ("The guidelines outlined in this rule shall be considered *by the commission* along with the factors, and maximum fee limitations . . . .") (emphasis added).

Appellant's fifth point argues that the trial court erred by awarding Mary's attorneys fees based on hourly rates in excess of $150 because the rules adopted by the commissioner pursuant to section 408.221(f) of the Texas Labor Code cap the hourly rate at $150. *See id.* § 152.4(d)(1). Contrary to Appellant's position, the hourly rate fee caps set by the commisisoner are expressly not applicable to an award of attorney's fees made pursuant to section 408.221, subsection (c) of the Texas Labor Code. *See* Tex. Lab. Code Ann. § 408.221(c) (providing that an award of attorney's fees under subsection (c) is not subject to commissioner rules adopted under subsection (f)). It is undisputed that the award of attorneys' fees to Mary was made pursuant to labor code section 408.221(c) because Appellant sought judicial review of a final decision of the appeals panel regarding Mary's eligibility for death benefits and Mary prevailed on the issue on which judicial review was sought. Because Mary's attorneys' fees are not capped by the rules adopted by the commissioner, we overrule Appellant's fifth point.

In its sixth point, Appellant argues that the hourly rates for the fees awarded to Mary's attorneys were not reasonable hourly rates. Appellant bases

this argument on the hourly rate fee computation that the trial court utilized in its letter to the parties. Letter rulings, however, do not constitute formal findings of fact. *Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990); *Castillo v. August*, 248 S.W.3d 874, 880 (Tex. App.—El Paso 2008, no pet.). Because the trial court's letter ruling in this case does not constitute formal findings of fact, no finding of fact exists on what hourly rate the trial court utilized in determining that reasonable attorneys' fees in this case totaled $24,400. *See Cherokee Water Co.*, 801 S.W.2d at 878. When a trial court makes no findings of fact or conclusions of law, we must assume it made all findings in support of its judgment. *Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996).

Generally, the amount of money awarded as attorney's fees rests within the sound discretion of the court. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). However, to determine whether the award constituted an abuse of discretion, the reviewing court must first determine whether the trial court had sufficient evidence before it upon which it could exercise its discretion. *See Alford v. Johnston*, 224 S.W.3d 291, 298 (Tex. App.—El Paso 2005, pet. denied). In reviewing the sufficiency of the evidence supporting an award of attorney's fees, we consider the following factors: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment; (3) the

8

fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *See Arthur Andersen & Co. v. Perry Equip. Corp*., 945 S.W.2d 812, 818 (Tex. 1997). No requirement exists that evidence be introduced on of each of the *Andersen* factors. *See Franco v. Lopez*, 307 S.W.3d 551, 555 (Tex. App.—Dallas 2010, no pet.).

Through billing statements, affidavits, and live testimony, Mary's attorneys proved up $53,075 in reasonable and necessary attorneys' fees (6.7 hours by Mr. Barbknecht at $400 per hour, 164.6 hours by Ms. Dreher at $275 per hour, and 34.2 hours by paralegals at $150 per hour) for work performed from October 2008 when Appellant filed its original petition for judicial review until July 30, 2010, when the trial court signed the final judgment. The affidavit presented to the trial court details the work performed by Mary's attorneys and explains why it was necessary based on the actions taken by Appellant in furtherance of Appellant's claims. The trial court awarded attorneys' fees in an amount constituting less than half of the attorneys' fees proved up by Mary's attorneys— $24,400. Based on the evidence presented to the trial court, including evidence concerning the *Andersen* factors; the absence of findings of fact on the hourly

9

rate utilized by the trial court to reach its award of $24,400; and the assumption that the trial court made all findings in support of its award of $24,400; we cannot say that no evidence exists supporting the trial court's award of $24,400 in attorneys' fees to Mary's attorneys or that the trial court abused its discretion by awarding this amount. We overrule Appellant's sixth point.

In its seventh point, Appellant argues that the trial court erred "because it awarded the fees directly to The Barbknecht Firm as the prevailing party, when The Barbknecht Firm was not a party to the DWC decision and is not a party to this lawsuit." As set forth and quoted above, however, the trial court's judgment awards reasonable and necessary attorneys' fees *to* Mary Lavender and *adjudged them against* Appellant. The judgment then further orders that the attorneys' fee award be paid directly to The Barbknecht Firm. Thus, the plain language of the judgment awards attorneys' fees to Mary as the prevailing party, not to The Barbknecht Firm as the prevailing party, and makes the attorneys' fees awarded to Mary as the prevailing party payable directly to her attorneys, The Barbkencht Firm. We overrule Appellant's seventh point.

In its eighth point, Appellant argues that the trial court erred because it awarded attorneys' fees to Mary's attorneys for actions performed in pursuit of the attorneys' fees. Because the trial court did not make findings of fact or conclusions of law concerning its attorneys' fee award, to the extent, if any, that attorneys' fees incurred in pursuit of a statutory right to attorneys' fees are not recoverable, and because the trial court did not award the amount of attorneys'

10

fees requested and proved up by Mary's attorneys but instead awarded less than half of that amount, we presume that the trial court did not include actions taken in pursuit of attorneys' fees in its $24,400 fee award. *See, e.g.*, *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (holding that in absence of findings of fact and conclusions of law, appellate court must presume all facts in support of the judgment and must uphold judgment on any legal theory finding support in the record). Accordingly, we overrule Appellant's eighth point.

## IV. CONCLUSION

Having overruled Appellant's first, fourth, fifth, sixth, seventh, and eighth points and having determined that we need not address Appellant's second and third points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: June 9, 2011