

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00011-CV

_____

LUELLA SHAW, Appellant

V.

WELLS FARGO BANK, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-300555-18

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Luella Shaw appeals from the trial court's summary-judgment order in Wells Fargo N.A.'s favor on her premises-liability claim. Because Shaw did not produce more than a scintilla of evidence that the bank proximately caused her injuries, we will affirm the trial court's judgment.

## I. Background

In April 2018, Shaw visited one of the bank's Fort Worth locations. Shaw, who was using a walker, walked up the handicap ramp to access the bank's front entrance. Upon leaving the bank, instead of going back down the handicap ramp, Shaw attempted to walk down the step located directly in front of the bank. She tripped and fell, sustaining a head laceration, a broken tibia, and a cervical sprain.

Shaw sued the bank for "premises liability, negligence, and/or negligence per se," alleging that a premises condition posed an unreasonable risk of harm, the bank knew or should have known of the danger, the bank breached a duty by either failing to warn patrons of the danger or by failing to make the premises safe, and the bank's breaches proximately caused her injuries. She also retained an expert, civil/structural engineer Norman Cooper, who inspected the bank's premises.

After an adequate time for discovery had passed, the bank moved for no-evidence summary judgment, alleging that Shaw had failed to produce any evidence on each of the four elements of her premises-liability claim. Shaw filed a response supported by Cooper's affidavit and expert report, her medical records, and the bank's

2

discovery responses. The trial court granted the bank's motion without specifying the grounds for its ruling and rendered a take-nothing judgment against Shaw. Shaw has appealed, raising a single issue: the trial court erred by granting summary judgment because she produced sufficient evidence to raise a genuine, material fact issue on every challenged element of her premises-liability claim.

## II. Standard of Review

Under Rule 166a(i), after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

We review a no-evidence summary judgment de novo. *See Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*,

168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

### III. Analysis

In support of her only issue, Shaw argues that viewing her summary-judgment evidence in a light most favorable to her, that evidence raised a genuine, material fact issue on each element of her premises-liability claim[1]: (1) Wells Fargo had actual or constructive knowledge of a condition on the premises; (2) that condition posed an unreasonable risk of harm; (3) Wells Fargo did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) Wells Fargo's failure to use such care proximately caused Shaw's injuries.[2] *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97,

---

[1] "When the alleged injury is the result of the condition of the premises, the injured party can recover only under a premises[-]liability theory." *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 163 (Tex. App.—Dallas 2011, no pet.) (citing *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)). Shaw pleaded a "cause of action for premises liability, negligence, and/or negligence per se" alleging that a premises condition caused her injuries. Shaw's claim is thus a premises-liability claim. *See id.*

[2] The bank concedes that it controlled the premises and that Shaw was an invitee.

4

99 (Tex. 2000); *see also Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Because the fourth element is dispositive, we first address whether Shaw's summary-judgment evidence raised a genuine, material fact issue on proximate cause.

To create a material fact issue on proximate cause, Shaw relied on Cooper's affidavit and expert report. In his affidavit, Cooper stated that, in addition to inspecting the premises, he reviewed the bank's answers to Shaw's interrogatories, requests for production, and requests for admissions. The bank had produced a surveillance video of the fall, but the video itself was not attached as summary-judgment evidence.[3] Further, there is no affidavit or deposition from Shaw in which she describes how her fall occurred, nor did Cooper indicate that he spoke to Shaw about how she fell.

Cooper concluded that the handrails alongside the step and the lack of an intermediate handrail violated the International Building Code and that, had the handrails been in compliance with the code, Shaw "would, more likely than not, not have fallen to the ground at all or would have impacted the ground with materially reduced force." He further concluded that the lack of yellow cautionary paint on the upper horizontal surface of the step "was also a proximate cause of Ms. Shaw's fall and injury."

---

[3]Shaw included a photograph of a CD labelled "Surveillance," but the surveillance video footage itself is nowhere in the record.

"An expert's simple *ipse dixit* is insufficient to establish a matter; rather, the expert must explain the basis of his statements to link his conclusions to the facts." *Hanson v. Greystar Dev. & Constr., LP*, 317 S.W.3d 850, 853 (Tex. App.—Fort Worth 2010, pet. denied) (citing *City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009)); *see also Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999). An expert's conclusory statements are not enough to raise a genuine issue of material fact and, therefore, cannot defeat summary judgment. *Hanson*, 317 S.W.3d at 854 (citing *IHS Cedars Treatment Ctr. of Desoto, Inc. v. Mason*, 143 S.W.3d 794, 803 (Tex. 2004)). An expert must support his opinions by facts in evidence, not mere speculation and conjecture. *Id.* (citing *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 729 (Tex. 2003)). In other words, an expert's opinion may not be based upon the expert's subjective interpretation of the facts. *Id.* (citing *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 239 (Tex. 2010)). A party need not object to the admission of testimony to complain that an expert's conclusory opinions are legally insufficient evidence.[4] *See id.* (citing *Pollock*, 284 S.W.3d at 816).

Here, no facts exist in the summary judgment record that support Cooper's opinions and conclusions that Shaw fell *because of* the noncompliant handrails or the lack of yellow cautionary paint. *See id.*; *see also Marathon Corp.*, 106 S.W.3d at 728–29 (holding that code violation, without more, did not prove that premises defect caused plaintiff's fall); *Aranda v. Willie Ltd. P'ship*, No. 03-15-00670-CV,

---

[4]Wells Fargo's only objection to Shaw's summary-judgment evidence was that Cooper's expert report was hearsay.

2016 WL 3136884, at *3 (Tex. App.—Austin June 1, 2016, no pet.) (mem. op.) ("More importantly, there is no evidence that the expert witnessed the incident and his conclusion that Aranda's fall was caused by the building-code violations is not supported by any facts but is merely a conclusory statement."). As a result, Cooper's conclusions—which are based on mere speculation and conjecture—constitute no evidence and cannot defeat summary judgment. *See Hanson*, 317 S.W.3d at 854; *see also IHS Cedars*, 143 S.W.3d at 803.

Because Shaw's summary-judgment evidence failed to raise a material fact issue on the challenged element of proximate cause, the trial court did not err by granting summary judgment for the bank. *See, e.g.*, *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989) ("When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious."). Accordingly, we need not address Shaw's challenges to the other grounds upon which the trial court could have granted summary judgment. *See* Tex. R. App. P. 47.1. We thus overrule Shaw's sole issue.

## IV. Conclusion

Having overruled Shaw's only issue, we affirm the trial court's judgment.

7

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  September 3, 2020