

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00082-CV

_____

TEODORO PEREZ, Appellant

V.

DINA RENEE JOHNSON, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-288801-16

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Teodoro Perez appeals from the trial court's summary judgment in Dina Renee Johnson's favor on his negligence claim arising from a motor-vehicle collision. Because Perez produced more than a scintilla of evidence that the accident proximately caused physical pain and suffering, we will affirm in part and reverse and remand in part.

### I. Background

In November 2014, Perez was on his way to work in a company-owned truck. While he was stopped at a red light, Johnson rear-ended him, pushing his truck into the vehicle in front of him.[1] Johnson admitted that she was solely at fault for the accident.

Although Perez felt pain in his neck, elbow, and lower back immediately after the accident, he refused medical assistance at the scene and went straight to work after speaking with the police. Perez first sought medical treatment from a doctor at Concentra two days after the accident at his employer's request. That doctor released him to return to work that day without restrictions. Perez missed his follow-up appointment, but because he was still in pain, he saw another doctor at Concentra about a month after his initial visit. That doctor also released him back to work without restriction the same day.

---

[1]The driver of that vehicle is not a party to this lawsuit.

In April 2015, Perez sought an independent medical evaluation from Dr. Sara Downey. Dr. Downey found that Perez had a five-percent impairment rating but did not prescribe him any medication or refer him for further treatment.

More than a year after the accident, in November 2015 Perez went to see a chiropractor, Dr. Derek Page. Dr. Page examined Perez and Perez's diagnostic reports and X-rays and found abnormalities in Perez's spine and vertebrae. Perez saw Dr. Page several times a month for treatment until August 2016. According to Perez, in January 2018, he was still experiencing back pain, even though his neck and elbow pain had ended.

In November 2016, Perez sued Johnson for negligence, negligence per se, and gross negligence. Perez pleaded that Johnson's negligence had proximately caused his injuries and had resulted in physical pain and suffering, medical expenses, and lost wages.

The case was called to trial in December 2018. After the jury was empaneled but before opening statements began, the trial court excluded any expert opinions from Dr. Page because Perez had failed to timely disclose Dr. Page's mental impressions and opinions.[2] *See* Tex. R. Civ. P. 194.2(f). The trial continued, but for reasons irrelevant to this appeal, the trial judge declared a mistrial the next day.

---

[2]The trial judge agreed to allow Dr. Page to testify only about facts contained in his medical records.

Ten days later, Johnson moved for no-evidence summary judgment, alleging that Perez had failed to produce any evidence on each element of his claims. Perez filed a response supported by his deposition, Johnson's deposition, the police report from the accident, and Dr. Page's affidavit with his billing records and medical records from Concentra and Dr. Downey attached. The trial court granted Johnson's motion without specifying the grounds for its ruling and dismissed Perez's claims with prejudice. Perez has appealed, raising a single issue: the trial court erred by granting Johnson's summary-judgment motion because he produced sufficient evidence to raise a genuine, material fact issue on every challenged element of his negligence claim.[3]

## II. Standard of Review

Under Rule 166a(i), after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

---

[3]Perez does not challenge the trial court's summary judgment against him on his negligence per se and gross-negligence claims.

4

We review a no-evidence summary judgment de novo. *See Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

### III. Analysis

In support of his only issue, Perez argues that viewing his summary-judgment evidence in a light most favorable to him, that evidence raised a genuine, material fact issue on each element of his negligence claim: duty, breach, and damages proximately caused by the breach. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (citing *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995) (op. on reh'g)). Because the third element is the only one at issue here, we address whether Perez's summary-judgment

evidence raised a genuine, material fact issue on whether Johnson's breach proximately caused Perez's damages.[4]

## A. Causation

Johnson argues that Perez was required to provide expert testimony to raise a genuine, material fact issue on proximate cause and that because the trial court had struck Dr. Page as an expert, his summary-judgment affidavit was not before the trial court. Johnson alternatively argues that if Dr. Page's affidavit was before the trial court, it is conclusory and was thus insufficient to raise a fact issue, as was Perez's other summary-judgment evidence.

To prove causation, a plaintiff must present competent evidence that proves that a condition exists and that the condition is causally related to the event sued upon. *Guevara v. Ferrer*, 247 S.W.3d 662, 667 (Tex. 2007). The "existence and nature of certain basic conditions, proof of a logical sequence of events, and temporal proximity between an occurrence and the conditions can be sufficient to support" a finding of causation without expert evidence. *Id.* Expert testimony is necessary to establish causation for medical conditions outside jurors' common knowledge and experience. *Id.* at 665. But nonexpert evidence alone is "sufficient to support a finding of causation in limited circumstances where both the occurrence and conditions

---

[4]Johnson concedes on appeal that Perez's summary-judgment evidence raised a genuine fact issue on the duty and breach elements of Perez's negligence claim. We have examined the summary-judgment evidence and agree that it raises a genuine, material fact issue on these elements.

6

complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Id.* at 668. "[L]ay testimony establishing a sequence of events [that] provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Id.* at 666 (quoting *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)).

Relevant here, lay testimony can support a finding of causation between an "automobile accident and basic physical conditions which (1) are within the common knowledge and experience of laypersons, (2) did not exist before the accident, (3) appeared after and close in time to the accident, and (4) are within the common knowledge and experience of laypersons, caused by automobile accidents." *Id.* at 667. Texas courts have held that lay testimony is sufficient to create a genuine fact issue on causation in certain instances. *See, e.g., id.* at 669 ("Non-expert evidence of circumstances surrounding the accident and [plaintiff]'s complaints is sufficient to allow a layperson of common knowledge and experience to determine that [plaintiff]'s immediate post-accident condition which resulted in his being transported to an emergency room and examined in the emergency room were [sic] causally related to the accident."); *Kelley & Witherspoon, LLP v. Hooper*, 401 S.W.3d 841, 849–50 (Tex. App.—Dallas 2013, no pet.) (concluding that the jury could causally connect car accident to plaintiffs' immediate head and neck pain and medical treatment for that pain without expert testimony); *Devoti v. Delaney*, No. 14-11-00497-CV,

2012 WL 3677050, at *4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2012, no pet.) (mem. op.) (concluding that plaintiff's testimony showed "a logical sequence of events and temporal proximity from which a factfinder properly could infer, without the aid of expert testimony, that the [car] accident caused" the plaintiff's back and leg pain).

"Reliance on lay testimony does not require injuries or pain to be 'overt'— meaning obvious or immediately manifested at the time of the accident." *Devoti*, 2012 WL 3677050, at *3. Moreover, it can be within the common knowledge and experience of laypersons that delayed pain or injury was caused by a car accident. *Id.* (citing *Figueroa v. Davis*, 318 S.W.3d 53, 61–66 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Tex. Dep't of Transp. v. Banda*, No. 03-09-00724-CV, 2010 WL 5463857, at *2 (Tex. App.—Austin Dec. 22, 2010, pet. denied) (mem. op.)); *see Banda*, 2010 WL 5463857, at *5 ("Although *Guevara* uses broken bones and lacerations as examples of injuries that logically result from car accidents and can be supported solely by lay testimony, we believe that back and neck pain—including the kind of delayed soreness Banda had here—can also be within the experience and knowledge of laypersons as being caused by car accidents."); *cf. State Office of Risk Mgmt. v. Larkins*, 258 S.W.3d 686, 688, 691 (Tex. App.—Waco 2008, no pet.) (concluding that expert testimony was not necessary to prove that physical assault caused plaintiff's back injuries even though plaintiff did not seek treatment until the next day).

Perez testified in his deposition that the only other time he has been involved in an automobile accident was in 1985, when a truck he was in flipped over. He stated

that he had a few scars from that accident, including one on his shoulder, and that he was seen for medical treatment only two or three times. But Perez was not in any kind of pain before the November 2014 accident giving rise to this case.

Perez also testified that, on a scale from one to ten, the impact from Johnson's vehicle was a six or seven. He felt immediate pain in his neck, elbow, and lower back. Perez testified further that the pain was such that he was unable to get out of his vehicle right away.

Two days after the accident, Perez went to Concentra to address the pain he claimed was caused by the accident for the first time. The treating physician diagnosed Perez with an elbow contusion and neck and back strain but released him to regular duty the same day. Perez's anticipated date of maximum medical improvement was November 27, 2014. Still in pain, Perez went back to Concentra in early December to dispute the treating physician's date of maximum medical improvement and impairment rating. The new doctor found that Perez still suffered from the same injuries diagnosed during his first visit to Concentra but that he had already reached maximum medical improvement and did not have any permanent impairment. Perez was returned to regular activity and released from care the same day.

It is not Perez's job at the summary-judgment stage to "prove" causation; he need only point to evidence that raises a genuine, material fact issue. *See Devoti*, 2012 WL 3677050, at *3. Perez's deposition testimony shows a logical sequence of events from which a factfinder could infer, without the aid of expert testimony, that

the accident caused Perez to suffer neck, elbow, and back pain: he was not in pain before the accident but suffered from back, neck, and elbow pain immediately after the accident. And shortly after the accident, Perez's doctor diagnosed him with an elbow contusion and neck and back strain.

After reviewing the summary-judgment evidence, we conclude that Perez presented evidence sufficient to raise a genuine, material fact issue on the element of causation. *See id.* (concluding that the back and leg pain plaintiff suffered very shortly after the accident can be "within the experience and knowledge of laypersons as being caused by car accidents" (quoting *Banda*, 2010 WL 5463857, at *5)); *Banda*, 2010 WL 5463857, at *5 (concluding that plaintiff's "testimony about the [car] accident, the treatment he received, and the pain and incapacity he had immediately thereafter is legally sufficient evidence to prove that the [neck and back pain, chest injuries, and broken toe] he complained of at that time were caused by the accident").

## B. Damages

### 1. Pain and suffering

"The presence or absence of physical pain is 'an inherently subjective question.'" *Devoti*, 2012 WL 3677050, at *5 (quoting *Enright v. Goodman Distrib., Inc.*, 330 S.W.3d 392, 397 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). As the nonmovant, Perez need only present some evidence that his pain and suffering was proximately caused by the accident. *See id.* A plaintiff's lay testimony that he suffered and continued to suffer from back pain after an accident and did not suffer from back

10

pain before the accident is legally sufficient to create a genuine, material fact issue on pain and suffering. *See, e.g.*, *id.* (citing *Durham Transp., Inc. v. Valero*, 897 S.W.2d 404, 415 (Tex. App.—Corpus Christi 1995, writ denied)).

Perez testified during his deposition that he was not in pain before the accident but felt pain immediately upon impact. He also stated that he was still in pain a week after the accident. Moreover, he testified that, when he went to Concentra in December 2014, one month after the accident, he was still in pain and he was not "okay" with the doctor's decision to release him from care.

Taken together, this evidence is legally sufficient to raise an issue of genuine, material fact regarding physical pain and suffering.[5] *See id.* (holding that plaintiff's testimony that she felt such intense pain two days after the accident that she had to go to the emergency room, she sought treatment from a chiropractor on two or three occasions, and she continued to suffer from pain on occasion was "sufficient to raise an issue of material fact with regard to physical pain and suffering").

---

[5]More than a year after his 2014 accident, Perez sought treatment for his back pain from Dr. Page. And in his January 2018 deposition, Perez testified that he continues to suffer from daily back pain. Although a layperson's experience and knowledge can logically link Perez's *immediate* injuries and initial damages to the accident, a layperson can only speculate about how long Perez's back pain would continue. *See, e.g.*, *Banda*, 2010 WL 5463857, at *5 (concluding that plaintiff's testimony could not establish the extent, severity, or duration of pain that would, with medical probability, continue long after plaintiff's initial treatment for injuries from automobile accident).

11

## 2. Medical expenses

There are circumstances, however, in which lay testimony is insufficient to establish a causal connection between the accident sued upon and the plaintiff's injuries. *See Kelley & Witherspoon, LLP*, 401 S.W.3d at 850 (holding that "lay testimony was not sufficient to establish a causal connection between the September 2004 auto accident and Charles's medical problems months and even years afterwards"); *Kelley v. Aldine Indep. Sch. Dist.*, No. 14-15-00899-CV, 2017 WL 421980, at *3 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, pet. denied) (mem. op.) (holding that plaintiff's injuries—which included multiple disc herniations, cervical radiculitis, and lumbar radiculopathy—are neither common nor basic and thus require expert testimony to establish a causal relationship between the event and injury). Billing and medical records, without more, are also insufficient to establish the necessary causal connection. *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995) (holding that the opinions in the medical records did not indicate they were independent conclusions); *Smith v. Sw. Bell Tel. Co.*, 101 S.W.3d 698, 702 (Tex. App.—Fort Worth Mar. 13, 2003, no pet.) (noting that medical billing records alone do not establish causation).

The only summary-judgment evidence regarding Perez's medical expenses were Dr. Page's billing records reflecting the medical expenses that Perez incurred for Dr.

Page's treatment. According to Dr. Page's affidavit,[6] Perez's X-rays revealed "misalignment of vertebrae," "abnormal straightening of the cervical spine with degenerative joint disc changes," "apparent healed compression fractures," and "moderate spondylosis." Perez did not see Dr. Page until more than a year after the accident. Because of the nature of Perez's injuries treated by Dr. Page and the passage of time between the accident and treatment, we agree with Johnson that expert testimony was required to establish a causal relationship between the accident and these particular injuries.

"An expert's simple *ipse dixit* is insufficient to establish a matter; rather, the expert must explain the basis of his statements to link his conclusions to the facts." *Hanson v. Greystar Dev. & Constr., LP*, 317 S.W.3d 850, 853 (Tex. App.—Fort Worth 2010, pet. denied) (citing *City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009)). Conclusory statements in an expert witness's affidavit are insufficient to defeat

---

[6]During trial, the trial court excluded any expert opinions from Dr. Page because Perez had failed to timely disclose Dr. Page's mental impressions and opinions. *See* Tex. R. Civ. P. 194.2(f). But Johnson did not renew her untimely-designation objection in response to Dr. Page's summary-judgment affidavit. *See generally Trusty v. Strayhorn*, 87 S.W.3d 756, 764 (Tex. App.—Texarkana 2002, no pet.) ("[A]ssuming the failure to timely designate a testifying expert would bar consideration of that expert's affidavit as summary judgment proof, such a failure is a defect of form to which a party must object and obtain a ruling to preserve error."). For purposes of this appeal, however, we will not decide whether the trial court's oral ruling on the record during the trial "carried over" to the summary-judgment proceedings, and we will assume that Dr. Page's affidavit was part of the summary-judgment evidence.

summary judgment. *IHS Cedars Treatment Ctr. of Desoto, Inc. v. Mason*, 143 S.W.3d 794, 803 (Tex. 2004) (citing *McIntyre v. Ramirez*, 109 S.W.3d 741, 749–50 (Tex. 2003)).

Dr. Page's affidavit lists his findings based on Perez's X-rays and then states his opinion, "to a reasonable medical probability, that these conditions were caused or exacerbated by the automobile accident with Defendant Dina Johnson." He further opines, "based on a reasonable medical probability, that Mr. Perez will require future corrective and supportive care indefinitely to stabilize and hopefully prevent accelerated degenerative spinal changes." Dr. Page also states that his services were necessary, that the amount charged for those services was reasonable, and that the charges were for medical expenses incurred as a result of the accident. But no facts in the summary-judgment record support Dr. Page's conclusions that the injuries he diagnosed and treated were caused by the car accident or that Perez will need indefinite care.[7] As a result, Dr. Page's conclusions—which are based on mere speculation and conjecture—constitute no evidence and cannot defeat summary

---

[7]On appeal, Perez would have us consider the independent-medical-evaluation report prepared by Dr. Downey; however, he did not point to that evidence in his summary-judgment response, so we will not consider it. *See Burleson v. Lawson*, 487 S.W.3d 312, 323 (Tex. App.—Eastland Feb. 18, 2016, no pet.) ("In response to a no-evidence ground for summary judgment, the nonmovant must specifically point out the evidence that raises a genuine issue of material fact as to each challenged element.") (citing *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 330 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). But even if we were to consider it, Dr. Downey's report is insufficient to raise a causal connection between the accident and Perez's medical expenses.

14

judgment. *See Hanson*, 317 S.W.3d at 854; *see also IHS Cedars Treatment Ctr.*, 143 S.W.3d at 803.

Expert testimony was necessary to establish causation between the accident and the injuries Dr. Page diagnosed and treated over a year after the accident. But because Dr. Page's expert affidavit was conclusory, the trial court did not err by granting summary judgment against Perez regarding damages for medical expenses.[8]

## IV. Conclusion

Having held that Perez produced more than a scintilla of evidence to raise a genuine, material fact issue on each element of his negligence claim seeking damages—but damages only for physical pain and suffering—we reverse the trial court's judgment on Perez's negligence claim, and we remand this case to the trial court on that claim for further proceedings consistent with this opinion and consistent with damages, if any, being limited solely to Perez's physical pain and suffering. We affirm the remainder of the trial court's judgment.

---

[8]On appeal, Perez also claims that the accident caused past and future mental anguish, but he did not plead for mental-anguish damages. Perez did, however, plead for lost wages. But he presented no summary-judgment evidence supporting that claim, and he testified in his deposition that he was not seeking lost wages.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  September 17, 2020